Argued 9 August, decided 17 October, 1904.

## FRAZIER v. WESTERN UNION TELEGRAPH CO.

[78 Pac. 330, 67 L. R. A. 319.]

TELEGRAM — RIGHT OF ACTION OF ADDRESSEE.

1. The addressee of a telegram may sue for damages caused by the failure to deliver it only when it is for his benefit and the telegraph company knows, or is chargeable with knowledge of, that fact.

NATURE OF BUSINESS OF TELEGRAPH COMPANY.*

2. A telegraph company is a public service corporation and must, under penalty of damages, and with reasonable promptness, transmit and deliver messages to or for those for whose benefit they are sent.

EXTENT OF LIABILITY FOR DELAYED OR CHANGED TELEGRAMS.

3.' The damages recoverable for delays in delivering telegrams, or for changes in cipher dispatches, are such as must have reasonably been expected to result from the breach of the contract, unless the company is informed of their nature or importance.

CASE UNDER CONSIDERATION.

4. A telegram addressed to a firm of real estate brokers: "See S. Take his last offer. Wire me at F." — does not show that it was for the benefit of the addressees, and hence, in the absence of any other notice to the telegraph company that such was the case, the addressees cannot sue for failure to deliver it.

From Marion: ARTHUR L. FRAZER, Judge.

Action by P. L. Frazier and others against the Western Union Telegraph Company. The plaintiffs are real estate brokers. Some time prior to February 18, 1903, two farms were listed with them for sale, designated in the record as the "Shepard" and "Schutte" farms, under an agreement with the owners that plaintiffs were to receive $100 commission on the former and $200 on the latter if they effected a sale. About that time they had a customer in the person of one E. P. Weir, who, after examining the property and entering into some negotiations with the owners, started for California, informing the plaintiffs that he would advise them if he concluded to take the property. On reaching Ashland he wrote, signed, and de-

---

*NOTE. — See the following notes:

Transmission and Delivery of Telegraphic Messages, 8 Am. Electl. Cas. 891, 912. What are Proper Elements of Damage in Actions Against Telegraph Companies for Failure to Send or Deliver Messages, 10 Am. St. Rep. 778, 790, and 791.

REPORTER.

livered to the agent of the defendant at that place, for transmission to the plaintiffs, the following dispatch :

"Ashland, Ore., Feb. 18, '03.

To Frazier & Long, Salem, Ore.:

See Shepard.   Take his last offer.   Wire me at 'Frisco.

E. P. Weir."

The message was sent to the agent of the defendant at Salem, who received it about 1:20 in the afternoon of the day it bears date.   It was not delivered to the plaintiffs, however, until some five days thereafter, by reason of which delay they claim they have lost their commission on the sale of the property referred to, and therefore bring this action against the company to recover the amount of such commission as damages for its negligence in not promptly delivering the message.   The plaintiffs were nonsuited, and appeal.                     AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. B. F. Bonham* and *Mr. Cary F. Martin,* to this effect.

I. Appellants' claim for damages in this case was not too remote and uncertain : 2 Sedgwick, Damages (8 ed.), §§ 881, 882, 891, 892; 1 Sutherland, Damages (2 ed.), § 45; *Blagen* v. *Thompson,* 23 Or. 239 (18 L. R. A. 315, 31 Pac. 647); *Wisner* v. *Barber,* 10 Or. 342 (5 Am. & Eng. Enc. Law, pp. 5–10); *Western Union Tel. Co.* v. *Scircle,* 103 Ind. 227 (2 N. E. 604, 1 Am. Electl. Cas. 787); Shearman & Red., Negligence, §§ 739, 740, 745; *Chapman* v. *Western Union Tel. Co.* 90 Ky. 265 (3 Am. Electl. Cas. 370, 13 S. W. 880); *Postal Tel. Cable Co.* v. *Lathrop,* 131 Ill. 575 (3 Am. Electl. Cas. 630, 7 L. R. A. 474, 19 Am. St. Rep. 55, 23 N. E. 583); *Western Union Tel. Co.* v. *Cornwell,* 2 Colo. App. 491 (31 Pac. 393); *Baldwin* v. *Western Union Tel. Co.* 93 Ga. 692 (44 Am. St. Rep. 194, 21 S. E. 212).

II. The law does not require that a telegraph company should be apprised of the details as to the purpose of the

message. If the message, as delivered, discloses its importance as a business communication in general terms, that is all that is required of the sender: Sutherland, Damages (2 ed.), §§ 960, 970; *Brooks* v. *Western Union Tel. Co.* 26 Utah, 147 (72 Pac. 499); 25 Am. & Eng. Enc. Law (1 ed.), 845.

III. The question whether a message is on its face such as to disclose the nature of the business, and notify the defendant that its prompt delivery is necessary, is purely a question of fact, and should be submitted to the jury: *Pope* v. *Western Union Tel. Co.* 14 Ill. App. 531 (1 Am. Electl. Cas. 615); *Western Union Tel. Co.* v. *McKibben*, 114 Ind. 511 (2 Am. Electl. Cas. 525, 14 N. E. 894).

For respondent there was a brief and an oral argument by *Mr. George G. Bingham* and *Mr. Cyrus A. Dolph,* to this effect:

1. There having been no contractual relation between the appellant and respondent, there can be no recovery for a breach of contract: *Postal Tel. Co.* v. *Ford,* 117 Ala. 672 (23 So. 684); *Western Union Tel. Co.* v. *Wood,* 57 Fed. 471 (21 L. R. A. 706, 6 C. C. A. 432, 13 U. S. App. 317, 4 Am. Electl. Cas. 838).

2. Recoverable damages must be certain in their nature, and in respect to the cause from which they proceed: *Wisner* v. *Barber,* 10 Or. 342; *Blagen* v. *Thompson,* 23 Or. 239 (18 L. R. A. 315, 31 Pac. 647).

3. The damages claimed are too remote, they are not the approximate consequence of the nondelivery of the message: *Beatty Lum. Co.* v. *Western Union Tel. Co.* 52 W. Va. 410 (44 S. E. 309); *Postal Tel. Cable Co.* v. *Barwise,* 11 Colo. App. 328 (53 Pac. 252); *Western Union Tel. Co.* v. *Cooper,* 71 Tex. 507 (1 L. R. A. 728, 10 Am. St. Rep. 772, 9 S. W. 598, 2 Am. Electl. Cas. 795).

4. Where the company is to be held for more than

nominal damages, it should have notice from the face of the message, or otherwise, of its importance: *Postal Tel. Cable Co.* v. *Barwise*, 11 Colo. App. 328 (53 Pac. 252); *Gulf, C. & S. F. R. Co.* v. *Loonie*, 82 Tex. 323 (27 Am. St. Rep. 891, 18 S. W. 221).

Mr. Justice Bean, after stating the case in the above terms, delivered the opinion of the court.

Several questions were discussed at the argument, but it is only necessary to notice the contention that the plaintiffs are not entitled to maintain an action against the defendant for negligence in delivering the message addressed to them, because they were not parties or privies to the contract between Weir and the company for its transmission, nor was the company advised by the terms of the message or otherwise that they were the parties for whose benefit such contract was made.

1. In England the doctrine is settled that the addressee of a telegraphic message cannot sue the company for error or negligence in its transmission or delivery, because the obligation of the company springs entirely from the contract between it and the sender, and the addressee is not a party or privy thereto: *Playford* v. *United Kingdom Tel. Co.* L. R. 4 Q. B. 705. This doctrine, however, does not prevail generally in this country, and the weight of authority is that the addressee of a message may sue the telegraph company in his own name, and recover such damages as he may have sustained by reason of its negligence, when the message was intended for his benefit, and the company had knowledge of that fact: 2 Shearman & Red., Negligence (5 ed.), § 543; Gray, Com. by Tel. § 65; Thompson, Law of Electricity, § 427; Joyce, Electric Law, § 1008; 21 Enc. Pl. & Pr. 509.

2. A telegraph company is not a common carrier in the sense that it is an insurer against mistakes in the trans-

45 Or.——27

mission of messages or delay in their prompt delivery, but it is an instrument of commerce and a public service corporation.  It therefore owes the duty to those for whose benefit it undertakes to transmit and deliver messages to transmit and deliver them without unreasonable delay. For a violation of this duty, or for a negligent performance thereof, it is responsible to the party for whose benefit the contract was made, whether it be the sender or the addressee :  27 Am. & Eug. Enc. Law (2 ed.), 1024 ; Thompson, Electricity, § 427 ; *Postal Tel. Cable Co.* v. *Barwise,* 11 Colo. App. 328 (53 Pac. 252); *Webbe* v. *Western Union Tel. Co.* 169 Ill. 610 (48 N. E. 670, 61 Am. St. Rep. 207) ; *McPeek* v. *Western Union Tel. Co.* 107 Iowa, 356 (78 N. W. 63, 43 L. R. A. 214, 70 Am. St. Rep. 205).

But the right of an addressee to recover is necessarily grounded upon the contract between the company and the sender, whether the action be in form technically for a breach of contract or one sounding in tort.  Without the contract under which the message was forwarded as a foundation for the cause of action, no recovery whatever could be had.  In order for the addressee to sue, it is essential, therefore, that it appear that he was to be benefited by the contract for sending the message, and that fact was known to the company when it received the message for transmission, either from its language or otherwise. The addressee can maintain an action only on the theory that he was the party intended to be benefited by the contract between the sender and the company, and that he is injured by a failure to perform such contract.  Messrs. Shearman & Redfield say that the right of an addressee of a telegraphic message to sue for the negligence of the company, either in its transmission or delivery, rests on the principle that, where two persons make a contract for the benefit of a third person, such third person may sue upon it: 2 Shearman & Red., Negligence (5 ed.), § 543.

Under this doctrine the right of an addressee to sue does
not exist unless the sender of the message and the com-
pany, at the time the contract for its transmission was
made, understood that it was for the benefit of such per-
son. Mr. Gray, in his work on Communication by Tele-
graph, says : " It may be hazarded that the right of the
person to whom a message is directed to sue as beneficiary
for a breach of the contract to communicate that mes-
sage — a contract to which he is not a party — will, where
it is admitted at all, be restricted to the comparatively
small class of cases in which the person who employs a
telegraph company to communicate a message does so
solely to benefit the person to whom the message is directed;
for where the person who employs a telegraph company
to communicate a message does so to benefit himself there
is no ground for the interpretation that he intends to part
with his right of action for a breach of the contract": Gray,
Com. by Tel. § 67. Mr. Croswell says : " To give the ad-
dressee the benefit of this rule, it must appear either from
the language of the message or the circumstances under
which it is sent, and which are known to the telegraph
company, that the message is sent for the benefit of the
addressee ": Croswell, Electricity, § 457.

The Supreme Court of Texas, in *Western Union Tel. Co.*
v. *Adams,* 75 Tex. 531 (3 Am. Electl. Cas. 768, 12 S. W. 857,
6 L. R. A. 844, 16 Am. St. Rep. 920), in discussing this
question, says : "We think the question as to who may
maintain a suit for damages for the breach of contract
does not depend upon the payment of the fee, nor upon
the question whether the sender had been previously con-
stituted an agent for that purpose by the party to whom
the dispatch is sent, but who in fact was to be served and
who is damaged. If it was intended to serve the receiver,
and he accepts the act, we are unable to see why the tele-
graph company should be excused from the consequences

of its neglect to discharge its own duty by reason alone of
its ignorance of the relations that may exist between the
sender and the receiver of the message." In *Western Union
Tel. Co.* v. *Wood*, 57 Fed. 471 (6 C. C. A. 432, 4 Am. Electl.
Cas. 838, 21 L. R. A. 706), and *Butner* v. *Western Union
Tel. Co.* 2 Okl. 234 (5 Am. Electl. Cas. 758, 37 Pac. 1087),
it is held that a person to whom a telegraphic message is
directed cannot recover against the company for a failure
to deliver when he is not a party to the contract under
which it was sent, and when the company is not informed,
either by the terms of the message or otherwise, that the
contract was for his benefit.

3. The liability of a telegraph company for damages re-
sulting from error in the transmission or failure to deliver
a message promptly is limited to such as may fairly be
considered according to the usual course of things to have
arisen from the breach of the contract actually made be-
tween it and the sender, and which both parties must rea-
sonably have understood and contemplated, when making
the contract, would be likely to result from its breach.   It
is accordingly quite generally held that in an action for a
failure to transmit correctly or deliver promptly a cipher
or unintelligible dispatch, when the company is not in-
formed of its nature, or the importance or extent of the
business to which it relates, the measure of damages is
merely the sum paid for sending it: 27 Am. & Eng. Enc.
Law (2 ed.), 1062; *Primrose* v. *Western Union Tel. Co.* 154
U. S. 1 (5 Am. Electl. Cas. 809, 14 Sup. Ct. 1098).   This
is on the theory that the measure of the company's re-
sponsibility depends upon the nature and character of the
contract, its knowledge of special circumstances and of
the purpose of the dispatch which it agrees to transmit
and deliver.   In a word, the measure of its responsibility
is determined by the contract which it makes with the
sender of the message.   Now, if the proper criterion by

which to determine the measure of responsibility of the company in the matter of damages is the contract between it and the sender, it would seem clear that upon the same principle the person or persons to whom it is to be liable must be ascertained from the same source, and that it is liable only to such persons as it may have expressly agreed to serve, or who are the beneficiaries of the contract made with it, and such we believe to be the decisions.

4. An exhaustive examination of the cases holding that the addressee of a telegraphic message may sue the company for negligence discloses that in all of them the company knew or was chargeable with knowledge that the message was for his benefit. No case has come under our observation where the addressee was permitted to sue under any other circumstances. On the contrary, those already cited show that he has been denied relief where the contract was not for his benefit. In the present case the message sent by Weir to the plaintiffs does not disclose that they were the parties intended to be benefited by the contract between him and the company for its transmission and delivery, or that they had any interest whatever in the subject-matter, nor was the company otherwise advised of that fact. The message is a mere direction from Weir to the plaintiffs to perform some act for him, and the company could not have understood from it that it was intended for the benefit of the plaintiffs, or that they would be injured by its nondelivery. If the message had been directed to them as real estate brokers, or if the company, at the time it received and agreed to transmit it, knew that they were engaged in that business, or if the message had simply advised them that Weir would take the Shepard farm at the price named, without more, the facts might possibly bring the case within the doctrine of some of the decisions holding that an addressee may sue the company for negligence in not delivering the

message. The message in question, however, is not of that character. It indicates on its face that it was sent for the benefit of Weir, and therefore it cannot be held that the contract between Weir and the company for its transmission was made for the benefit of the plaintiffs.

The judgment will be affirmed. AFFIRMED.