Argued February 19, decided March 24, rehearing denied May 26, 1908.

## McLEOD v. PACIFIC TELEPHONE CO.

[94 Pac. 568; 95 Pac. 1009; 18 L. R. A. (N. S.) 954.]

TELEPHONES—DELIVERY OF MESSAGES—NEGLIGENCE.

1. When an addressee will be benefited by the contract between the sender of a message and the company undertaking to transmit it, and with knowledge of that fact the company attempts the performance of the service, it will be liable to the addressee for such damages as he may suffer by reason of the negligence in not delivering the message.

SAME—RIGHT OF ACTION—DAMAGES.

2. Where defendant telephone company undertook to summon plaintiff to its office at a certain town to answer a long-distance call, knowing that the sender of the message intended to employ her, and by reason of the negligence of defendant in summoning her she lost employment which would have been a benefit to her, she had a right of action for damages.

APPEAL—JUDGMENT OF NONSUIT.

3. On appeal from a judgment of nonsuit, the court will not consider the question of the measure of damages recoverable in the action.

TELEGRAPHS AND TELEPHONES—NEGLIGENCE—"TELEGRAPH"—"TELE-
PHONE."

4. In determining the liability of a telephone company for negligence in
the transmission or delivery of a message, a telephone company will be treated
as a telegraph company; "telegraph" including any apparatus for trans-
mitting messages by means of electric signals and a "telephone" being a
"telegraph."

SAME—CONTRACT—DELIVERY OF MESSAGES.

5. Where the liability of a telephone company for negligence in the trans-
mission or delivery of a message is based on contract, the liability is limited
to the person for whose benefit the contract is made; but, where the liability
is *ex delicto*, the company is liable to the addressee or person called to the
phone by a patron, for any negligence in the transmission and delivery of a
message or call, when the company had notice from the message or otherwise
at the time that such addressee or person had an interest therein.

SAME—NEGLIGENCE.

6. Where the request by a patron of a telephone company is for an office
or the phone of a particular person, the company has performed its duty when
it has made connections with such phone, and it is not responsible for the
identity of the person answering, or the messages passing between such
person and the patron; but where the company carelessly connects the patron
with the wrong phone, and there is no contributory negligence on the part of
the patron, the company may be liable, and, where the company contracts to
produce at its own office a certain individual to answer a call, it is bound to
exercise reasonable care to produce the proper person, and is liable to such
person for negligence, where it had notice of his interest.

From Coos: LAWRENCE T. HARRIS, Judge.

This is an action by Frances McLeod against the Pa-
cific Telephone Company. From a judgment granting a
nonsuit, plaintiff appeals.

Statement by MR. CHIEF JUSTICE BEAN.

This is an action to recover damages for a failure
of defendant company to notify plaintiff that she was
wanted at one of its offices to answer a long-distance
call. Plaintiff resides at Marshfield, and is a stenogra-
pher by profession. Defendant owns and operates a
public telephone line between Port Orford and Marsh-
field, a distance of 50 or 60 miles. In August, 1903,
Judge Hamilton of the Second District, and F. W. Ben-
son and John Hall, attorneys of this court, met at Port
Orford on their way to Gold Beach to a term of court,
and there being no stenographer in the county compe-
tent to report the trial of important, pending litigation,

in which Benson and Hall were opposing counsel, it was agreed between them, with the consent of the judge, to telephone to plaintiff at Marshfield and secure her services. Thereupon Mr. Benson put in a long-distance call for plaintiff at defendant's office in Port Orford, informing the operator at the time that she·was a stenographer and the purpose for which she was wanted at the telephone. The line was working badly, but after some delay Benson was advised by the operator that it would be necessary to send a messenger for the plaintiff from the Marshfield office, and was asked if he would pay for the same, which he agreed to, and did, do. Soon thereafter he was told by the operator that the person he wanted was on the line, but, in fact, it was a Mrs. McLeod, a nurse. Benson, without knowledge of the mistake and thinking that he was talking to plaintiff, inquired if she could come to Gold Beach and report the cases in question, and she replied that she had a case on hand and could not come. Benson then telephoned to Roseburg, and secured the services of another stenographer, who reported the cases, and whose fees amounted to something over $1,200. Plaintiff claims that, by reason of the negligence of the company to advise her of the long-distance call, she lost the employment, and was damaged to the amount of fees she would have received had she reported the litigation. At the close of plaintiff's testimony the court below granted a nonsuit, and plaintiff appeals.           ·       Reversed.

For appellant there was a brief and an oral argument by *Mr. Joseph W. Bennett.*

For respondent there was a brief over the names of *Mr. John S. Coke* and *Mr. Ephraim B. Seabrook,* with oral arguments by *Mr. Coke* and *Mr. Charles H. Carey.*

Opinion by Mr. Chief Justice Bean.

1. The contention of defendant is that plaintiff cannot recover in this action, because she was not the party

to be benefited by the contract which it made with Benson. The right of an addressee or receiver of a message to sue a telegraph or telephone company for a failure to transmit or deliver the message, has been the subject of much discussion in the courts of this country. In England the question is simple. It is there held that the obligations of the company arise entirely from the contract between it and the sender of the message, and that the addressee, not being a party or privy to such contract, cannot sue thereon; but this rule does not prevail in this country, and here the courts have, with practical unanimity, sustained the right of the addressee to sue and recover such damages as he may have suffered by reason of the negligence of the company in not delivering the message: *Frazier* v. *Western Union Tel. Co.* 45 Or. 414 (78 Pac. 330: 67 L. R. A. 319); *Telegraph & Telephone Co.* v. *Taylor,* 26 Tex. Civ. App. 79 (63 S. W. 1076); *Young* v. *Telegraph Co.* 107 N. C. 370 (11 S. E. 1044: 9 L. R. A. 669: 22 Am. St. Rep. 883); *Herron* v. *Western Union Tel. Co.* 90 Iowa, 129 (57 N. W. 696); *Mentzer* v. *Telegraph Co.* 93 Iowa, 752 (62 N. W. 1: 28 L. R. A. 72; 57 Am. St. Rep. 294); *Fererro* v. *Western Union Tel. Co.* 9 App. D. C. 455 (35 L. R. A. 548); *Butler* v. *Western Union Tel. Co.* 62 S. C. 222 (40 S. E. 162: 89 Am. St. Rep. 893); Jones, Telegraph & Telephone, § 475; Thompson, Electricity, § 427.

2. While this may be regarded as the settled rule, the courts have not agreed upon a common reason for it. Some of them hold that the sender of a message is the agent of the addressee, and the latter, as principal, can maintain an action for breach, or for tort, if he is injured by negligence in the performance of the contracted duty. Others maintain that, where the contract discloses that it is for the benefit of the addressee, he may sue for a breach, under the rule that a third person has a right of action upon a promise made for his benefit, although a

stranger both to the promise and the consideration. Others are of the opinion that the company is a bailee, and the message is the property of the party to whom it is addressed in analogy to the consignee of goods. Others, and perhaps the majority, seem to rest the doctrine upon the public duty which the company owes to any person beneficially interested in the message or service which it undertakes to transmit or perform, whether the sender or the receiver or both. But, whatever the true reason for the rule may be, it is established that when an addressee will be benefited by the contract between the sender and the company, and with knowledge of that fact the company attempts the performance of the service, it is bound to exercise reasonable and proper care to discharge the duty thus assumed, and will be liable to the addressee for such damages as he may suffer by reason of the negligent nonperformance thereof. And we do not understand it to be essential that the contract between the sender and the company shall be for the sole and exclusive benefit of the addressee. If the company knows, or is chargeable with knowledge of the fact, that the message which it assumes to transmit or the service which it agrees to perform will be of a substantial benefit to the addressee or receiver, it is bound to exercise due and reasonable care to transmit and deliver such message or perform such service, and for a failure in this respect it is liable to the party injured. As reasoned by the Supreme Court of Texas, the question as to who may maintain the action, does not depend upon the making of the contract for the service or payment of the fee therefor, but who, in fact, is to be served and who is damaged. If the receiver was to be benefited by the contract, and he accepted the act, there is no reason why the company should be excused from the consequence of the negligent discharge of its duty, because there was no contractual relation between it and the

person damaged by its negligence: *Western Union Tel. Co.* v. *Adams*, 75 Tex. 531 (12 S. W. 857: 6 L. R. A. 844: 16 Am. St. Rep. 920).

Thus far practically all the authorities seem to go, and the only dispute is whether the addressee can maintain the action, when the company did not know that he was to be benefited by a performance of the contract between it and the sender. In *Frazier* v. *Western Union Tel. Co.* 45 Or. 414 (78 Pac. 330: 67 L. R. A. 319) we held that the addressee of a telegraph message could not sue the company for a negligent failure to promptly deliver it, unless the company knew or was chargeable with knowledge, at the time it accepted the message for transmission, that he was to be benefited thereby, on the theory that the right of action, whether on contract or in tort, was necessarily based upon the contract between the company and the sender. But it was not intended to hold that, before an addressee can sue, it must appear that he was the sole party to be benefited by such contract. If the company undertook the performance of a service, which it knew or had reasonable ground to believe would be a benefit to him, it is responsible to him for negligence in the performance of such duty. If this were not so it is obvious that the receiver or addressee of a message would often suffer great damage, through the negligence of the company, without any means of redress. Now, within these principles, it is manifest that plaintiff is entitled to maintain this action. Defendant knew at the time it undertook to execute the commission of summoning her to its office at Marshfield to answer a long-distance call, that she would be benefited by the performance of the duty it thus assumed, and, if she was damaged by its negligence, she is entitled to recover therefor. The evidence tends to show that by reason of the negligence of defendant she lost a situation or employment, which would have been a benefit to her; and

this is sufficient to give her a right of action against the company: 27 Am. & Eng. Enc. (2 ed.) 1070; Jones, Telegraph & Telephone, § 558.

3. There is much discussion in the brief of defendant as to the proper measure of damages, but that is a question which cannot safely be determined on a motion for nonsuit.

Judgment reversed, and cause remanded for further proceedings.                                                        REVERSED.

---

Decided May 26, 1908.

## ON PETITION FOR REHEARING.

[95 Pac. 1009.]

MR. JUSTICE EAKIN delivered the opinion of the court.

The motion for rehearing does not raise any new or different questions from those submitted at the original argument and passed upon by the court, but it questions the correctness of the conclusions reached.

4. The point emphasized by the motion is that the company should not be held liable in damages to the addressee for negligence in the transmission or delivery of a message, unless the addresee was the primary beneficiary therein. In considering the liability of telephone companies, we are almost exclusively confined for precedents, to decisions relating to telegraph companies, and so far as the courts and text-writers have expressed themselves, they treat them as similar, in their general features, both as to duties and liabilities. Anderson's Law Dictionary says that "telegraph" includes any apparatus for transmitting messages or other communications by means of electric signals. Under "telephone" he says: "A telephone is a telegraph." See, also, Jones, Telegraph & Telephone, c. 1; Croswell, Electricity, §§ 13, 18; and note to *Cent. Union Tel. Co.* v. *Falley,* 118 Ind. 194 (19 N. E. 604: 10 Am. St. Rep. 114, 128).

For the purpose of the consideration of this motion it may be taken as conceded that the telephone company is responsible to the addressee of a message where he is the primary beneficiary in it, if the company is advised of that fact, either by the terms of the message itself or otherwise (*Frazier* v. *Western Union Tel. Co.* 45 Or. 414: 78 Pac. 330: 67 L. R. A. 319) ; and the only question open for discussion is whether it is liable to the addressee in case he is not the primary beneficiary, but has a beneficial interest in it. The cases are practically uniform in holding that the remedy of the addressee of a message is in tort, except in cases where he is the principal of the sender (*Postal Tel. Cable Co.* v. *Ford,* 117 Ala. 672: 23 South. 684), though some base recovery upon other grounds. See a discussion of this subject in Croswell, Electricity, §§ 456, 457, 460, *et seq.,* where the cases are cited. The only person having contractual relations with the company is the sender, or a person for whose benefit he makes the contract, and in the great majority of cases the addressee cannot rely upon any contractual relation. The basis of his right is *ex delicto,* namely, that the company, in the exercise of a public franchise, and in the performance of duties of a public character incident thereto, is liable to the public for the performance of those duties with reasonable care and diligence; and in such a case the company is responsible to the addressee for negligence in the transmission and delivery of a message it has contracted to deliver to him: Croswell, Electricity, §§ 460, 462; Jones, Telegraph & Telephone, § 557; *Cent. Union Tel. Co.* v. *Swoveland,* 14 Ind. App. 341 (42 N. E. 1035) ; *Hellams* v. *Western Union Tel. Co.* 70 S. C. 83 (49 S. E. 12) ; *Green* v. *Western Union Tel. Co.* 135 N. C. 489 (49 S. E. 165: 67 L. R. A. 985: 103 Am. St. Rep. 955) ; *New York & W. Ptg. Tel. Co.* v. *Dryburg,* 35 Pa. 298 (78 Am. Dec. 338) ; *Smith* v. *Western Union Tel. Co.* 83 Ky. 104 (4 Am. St.

Rep. 126) ; *Western Union Tel. Co.* v. *Dubois,* 128 Ill.
248 (21 N. E. 4: 15 Am. St. Rep. 109) ; *Western Union
Tel. Co.* v. *Longwill,* 5 N. M. 308 (21 Pac. 339) ; *McPeek*
v. *Western Union Tel. Co.* 107 Iowa, 356 (78 N. W. 63:
43 L. R. A. 214; 70 Am. St. Rep. 205).

5. The defendant's liability upon the contract is lim-
ited to the person for whose benefit the contract is made;
but, where the liability is *ex delicto,* it may extend to any
one who is injured by the negligence of the company,
and therefore there may be a liability to different indi-
viduals for the same tort. Gray, Communication by Teleg.
§ 67, and Croswell, Electricity, § 457, quoted in *Frazier* v.
*Western Union Telegraph Co.,* 45 Or. 414, 419 (78 Pac.
330: 67 L. R. A. 319) to the effect, that the right of the
addressee of a message to recover for a breach of the
contract will be confined to cases where he is the sole
beneficiary thereof, are discussing the remedy on the
contract, and not the remedy in cases of tort or
liability for negligence. Croswell, at Section 457,
just preceding the language quoted in *Frazier* v.
*Western Union Telegraph Co.,* and as the basis of that
language, says: "This same class of cases is also sus-
tained by the courts on the principle which is law in a
few states, that a person for whose benefit a contract is
made may maintain an action to compel the performance
of it"—while at Section 471 he says it is well settled in
the United States that the addressee of a message may
sue in tort for negligence in the transmission or delivery
of the message; his action being based upon the default
of the telegraph company in the performance of its duty
at common law. Gray denies this remedy at Section 66,
but he is not supported by the authorities in this coun-
try. To create a liability upon the company in favor
of the addressee, who is not the person for whose ben-
efit the contract is made, for negligence in the trans-
mission and delivery of a message, that is, to create a

liability in tort, it is necessary that the addressee have some interest in the message, and that such interest be disclosed by the terms of the message, or otherwise communicated to the company: *Western Union Tel. Co.* v. *Kirkpatrick,* 76 Tex. 217 (13 S. W. 70: 18 Am. St. Rep. 37) ; *Western Union Tel. Co.* v. *Schriver,* 141 Fed. 538 (72 C. C. A. 596: 4 L. R. A. (N. S.) 678).

It was urged in some of the cases we have examined that, the remedy being in tort for breach of a public duty, notice to the company of the plaintiff's interest in the message would be unnecessary, and recovery might be had for any damage suffered. This position is taken by the editors of the Columbia Law Review, vol. 5, p. 170, in referring to the case of *Frazier* v. *Western Union Tel. Co.* 45 Or. 414 (78 Pac. 330: 67 L. R. A. 319), and applies the general rule as to liability for torts, citing *Western Union Tel. Co.* v. *Fatman,* 73 Ga. 285 (54 Am. Rep. 877), and Pollock, Torts (6 ed), 532. But the liability for a tort in such a case as this does not rest alone on the negligence of the company, but is so far dependent upon the original contract for transmission as to limit the remedy to cases in which the company had notice of the plaintiff's interest: *Frazier* v. *Western Union Telegraph Co.,* 45 Or. 414 (78 Pac. 330: 67 L. R. A. 319) ; *Smith* v. *Western Union Tel. Co.* 83 Ky. 104 (4 Am. St. Rep. 126) ; 27 Am. & Eng. Enc. Law (2d ed.), 1059, where many cases are cited; Jones, Telegraph & Telephone Co. § 480; *Postal Tel. Cable Co.* v. *Barwise,* 11 Colo. App. 328 (53 Pac. 252) ; *Western Union Tel. Co.* v. *Wood,* 57 Fed. 471 (6 C. C. A. 432: 21 L. R. A. 706) ; *Western Union Tel. Co.* v. *Pearce,* 82 Miss. 487 (34 South. 152) ; *Butner* v. *Western Union Tel. Co.* 2 Okl. 234 (37 Pac. 1087; 6 Cur. Law, 1674; *Western Union Tel. Co.* v. *Kirkpatrick,* 76 Tex. 217 (13 S. W. 70: 18 Am. St. Rep. 37) ; *Western Union Tel. Co.* v. *Coffin,* 88 Tex. 94 (30 S. W. 896) ; *Hadley* v. *Western*

*Union Tel. Co.* 115 Ind. 191 (15 N. E. 845). Bearing these distinctions in mind will explain much apparent conflict in the decisions. In *Western Union Tel. Co.* v. *Schriver,* 141 Fed. at page 548 (72 C. C. A. at page 606: 4 L. R. A. (N. S.) 678), in an opinion by Sanborn, circuit judge, rendered in 1905, he says:

"When the opinions in them (cases referred to) are carefully read and analyzed, they recognize and affirm the rule that a company owes a duty and incurs a liability to those parties only of whose interest it has notice, and for those injuries only which it might reasonably anticipate."

It divides the cases into four classes: (1) Those which assert a duty and liability to the undisclosed principal of the sender; (2) those which recognize a duty and liability to a person who appears on the face of the message to be its beneficiary, although neither the sender nor the addressee; (3) those which deny any duty or liability to those who do not appear from the message to have any interest in it; and (4) the decisions which deny any liability to the undisclosed principal of the addressee. He cites many cases under this classification. We think the conclusion is unavoidable that the telephone company is liable to the addressee or person called to the phone by a patron, for any negligence in the transmission and delivery of a message or call, when the company had notice from the message or otherwise at the time of the transmission that such addressee had an interest therein, and such liability is not contractual, but in tort; and that being the ground of the liability, it is not necessary that the addressee be the primary beneficiary in the message, but it extends to the addressee if he has any interest.

6. The suggestion in the motion that the result of the decision in this case imposes on a telephone company unreasonable liability because of the nature of the busi-

ness and ease with which mistakes may be made, we have not overlooked in this consideration. When the request by a patron is for an office or the phone of a particular person, the company has performed its whole duty when it has made connection with such phone, and it is not responsible for the identity of the person answering or the messages passing between them; but, if it carelessly connects the patron with the wrong phone, and there is no contributory negligence on his part, it may be liable: See note to *Planters' Cotton Oil Co.* v. *Western Union Tel. Co.* 126 Ga. 621 (55 S. E. 495: 6 L. R. A. (N. S.) 1180), generally as to identity in conversation. But where the company contracts to produce at its own office a certain individual to answer a long distance or any call, as in this case, it is bound to exercise reasonable care to produce the proper person, and is liable to such person for negligence in that regard, if it had notice of his interest: *Central Union Tel. Co.* v. *Falley,* 118 Ind. 194 (19 N. E. 604: 10 Am. St. Rep. 114, 128, note); *Central Union Tel. Co.* v. *Swoveland,* 14 Ind. App. 341, 350 (42 N. E. 1035).

Therefore the motion will be denied.

AFFIRMED: REHEARING DENIED.