Argued November 3, 1967, affirmed January 17, 1968

## HEIDER, *Appellant, v.* COMMERCIAL INSURANCE COMPANY, *Respondent.*

436 P. 2d 268

*Norman K. Winslow,* Salem, argued the cause for appellant. With him on the briefs was Daniel A. Ritter, Salem.

*Howard M. Feuerstein,* Portland, argued the cause for respondent. With him on the brief were Davies,

Biggs, Strayer, Stoel & Boley and Don H. Marmaduke, Portland.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and WOODRICH, Justices.

SLOAN, J.

In this action plaintiff Heider attempts to obtain indemnity from defendant for the amount he paid to satisfy the judgment affirmed in *Gowin v. Heider,* 1964, 237 Or 266, 386 P2d 1, 391 P2d 630. At the times material to the case of *Gowin v. Heider, supra,* defendant, in the instant case, was bound to Heider on a comprehensive liability policy. In the instant action, Heider claims that policy requires defendant to indemnify him for the judgment he was obliged to pay to Gowin. The case was tried to the court without a jury. The court found for defendant and entered judgment accordingly. Plaintiff appeals.

Plaintiff's theory in the instant case is that the conduct of Heider, which caused the judgment against him in *Gowin v. Heider* were unintentional in respect to Heider because they were committed by Heider's agent and that Heider was, therefore, the victim of an "accident" within the protection of defendant's policy of insurance. He claims that an assault committed by an agent is an "accident" in respect to his employer. He further claims that our opinion in *Gowin v. Heider* confirms his conclusion that Heider was not intentionally or directly involved in the conduct which gave rise to his liability in that case. Heider overlooks the fact that the instant case is an independent action against his insurer and requires its own determination of the facts.

■ Plaintiff acknowledges that we have adopted the rule that the insurer's liability to defend, and usually to pay a judgment, must be determined by the complaint filed in the initial action against the insured. The rule was most recently affirmed in *Williams v. Farmers Mut. of Enumclaw,* 1967, 245 Or 557, 423 P2d 518, and in *Crist v. Potomac Insurance Co.,* 1966, 243 Or 254, 413 P2d 407. However, in the latter case and in *MacDonald v. United Pacific Ins. Co.,* 1957, 210 Or 395, 311 P2d 425, it was recognized that cases may arise in which the complaint would not allege facts creating a duty to defend but that the ultimate proof in the case would show a duty to pay a judgment entered on the complaint. This exception to the insurer's duty has to be the basis of plaintiff's instant action.

The complaint filed by Gowin in the initial case was so much beyond the policy coverage that Heider, in that action, did not tender the defense of the Gowin case to the instant defendant until after the trial of the Gowin case. As stated, plaintiff's claim is that the opinion of this court in *Gowin v. Heider, supra,* makes it clear that defendant is obligated to indemnify him for the Gowin judgment.

In *Jarvis et ux v. Indemnity Ins. Co.,* 1961, 227 Or 508, 363 P2d 740, more specific statements were made in respect to the exceptions above noted. In *Jarvis* we held that the burden is on the insured "* * * to demonstrate that the former judgment was based upon evidence which identified it as one within the coverage of the insurer's obligation." 227 Or at p 512.

■ To sustain that burden in the instant case, plaintiff introduced into evidence substantially all of the trial and appellate record in *Gowin v. Heider.* The trial court, as we mentioned, found generally for defendant upon all material issues of fact. This, of necessity, in-

cludes a finding that plaintiff was an active participant in the conduct which created liability in *Gowin v. Heider, supra,* and that those events were not an "accident" within the meaning of defendant's policy of insurance. Despite plaintiff's assertion to the contrary, these were issues of fact. The record supports the trial court's finding. The judgment is affirmed.