# SENN,
*Respondent,*

*v.*

# AMERICAN STATES INSURANCE COMPANY,
*Appellant.*

## (No. 16-80-10757, CA A20530)

639 P2d 1281

Darst B. Atherly, Eugene, argued the cause for appellant. With him on the briefs were George A. Burgott, and Atherly, Butler & Burgott, Eugene.

J. P. Graff, Eugene, argued the cause for respondent. With him on the brief was Larry O. Gildea, P.C., Eugene.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

This is an action on an insurance policy. The defendant insurer appeals from a judgment for plaintiff. We reverse.

Plaintiff was injured in the course of her employment as a waitress at Terr & Shar's Restaurant. The restaurant owner was a noncomplying employer under the Workers' Compensation Law. Plaintiff brought an action against the employer, alleging that her injury was caused by his negligence. *See* ORS 656.020. She obtained a judgment against the employer. He assigned plaintiff his rights under an insurance policy which was issued by defendant and which insured the employer against liability for personal injuries and property damage.[1] Plaintiff then brought the present action to recover from defendant the amount of the judgment owed by its insured.

Defendant argues on appeal that its policy does not cover plaintiff's injury because exclusion (c) makes the policy inapplicable

"[t]o bodily injury to any employee of the insured arising out of and in the course of his employment by the insured; but this exclusion does not apply to liability assumed by the insured under any contract."

Plaintiff argues that her recovery is not foreclosed by the exclusion, because her claim comes within the exception for "liability assumed by the insured under any contract." The contract on which she relies is the lease agreement between her employer and the person from whom he rented the restaurant premises.[2] The lease provides, as pertinent:

*"INJURIES TO PERSON OR PROPERTY ON LEASED PREMISES:* The LESSEE covenants to carry liability insurance of limits of not less than $100,000.00 for any occurrence and $200,000.00 for any individual for personal injury and $5,000.00 for property damage. The LESSEE shall be responsible for the safe condition of leased premises, including any entrance ways, sidewalks and parking areas adjacent thereto, during the term of this

---

[1] Defendant refused to defend the employer in plaintiff's action against him.

[2] The briefs indicate that the lessor was also a defendant in the action in which plaintiff was awarded damages against her employer and that summary judgment was granted in favor of the lessor.

Lease and for any damage or injury to property or persons resulting from the condition of the premises or the activities of LESSEE and their agents, employees, guests, business invitees or independent contractors therein (except loss, damage or injuries based on LESSOR'S own act or negligence) and LESSEE agrees to indemnify LESSOR against, and save LESSOR harmless from, any such loss."

Reduced to essentials, the parties' disagreement is on two questions: whether the quoted provision, together with other provisions of the lease, constitutes a contractual assumption of liability by the insured within the meaning of the exception to exclusion (c); and, if so, whether that assumption of liability assists plaintiff in this action, in light of the fact that she proceeded against the insured on a negligence theory and did not allege that she was entitled to recover against him on contract grounds. We reach only the second question.

In *Heider v. Commercial Insurance Co.*, 248 Or 564, 436 P2d 268 (1968), the court stated:

"Plaintiff acknowledges that we have adopted the rule that the insurer's liability to defend, and usually to pay a judgment, must be determined by the complaint filed in the initial action against the insured. The rule was most recently affirmed in *Williams v. Farmers Mut. of Enumclaw*, 1967, 245 Or 557, 423 P2d 518, and in *Crist v. Potomac Insurance Co.*, 1966, 243 Or 254, 413 P2d 407. However, in the latter case and in *MacDonald v. United Pacific Ins. Co.*, 1957, 210 Or 395, 311 P2d 425, it was recognized that cases may arise in which the complaint would not allege facts creating a duty to defend but that the ultimate proof in the case would show a duty to pay a judgment entered on the complaint. This exception to the insurer's duty has to be the basis of plaintiff's instant action.

"* * * * *

"In *Jarvis et ux v. Indemnity Ins. Co.*, 1961, 227 Or 508, 363 P2d 740, more specific statements were made in respect to the exceptions above noted. In *Jarvis* we held that the burden is on the insured '* * * to demonstrate that the former judgment was based upon evidence which identified it as one within the coverage of the insurer's obligation.' 227 Or at p 512." 248 Or at 566.

Precisely the same factors are involved here. Although *Heider* was an action on the policy by an insured

against his own insurer, plaintiff here is suing as assignee of the insured and her rights under the policy are coextensive with the insured's coverage.

Plaintiff concedes that, were it not for the contractual liability exception, exclusion (c) would bar her from recovering on the policy. She also agrees that she did not allege that the insured's liability to her was contractual in origin in her action against him. However, plaintiff argues:

"* * * The fact-finder had the lease before it in the underlying case [against the insured]. It was permitted to consider [applicable provisions of the lease] on the issue of whether the insured used reasonable care to provide safe conditions for persons on the premises, including employees. To this extent, plaintiff's action against the insured 'was based upon' or 'arose from' the lease."[3]

Plaintiff's argument is wholly speculative and does not "demonstrate that the former judgment was based upon evidence which identified it as one within the coverage of the insurer's obligation." *Jarvis et ux v. Indemnity Ins. Co.,* 227 Or 508, 512, 514-15, 363 P2d 740 (1961).

Plaintiff's reliance on *Larson v. Heintz Const. Co. et al,* 219 Or 25, 345 P2d 835 (1959), and similar cases is misplaced. Those cases stand for the proposition that, at least in some circumstances, a breach of contractual duties can be probative of negligence. They do not stand for the proposition that recovery can be had on a contract theory if only negligence is pleaded or for the proposition that, if the plaintiff's showing in a negligence case includes evidence of a breach of contractual duties, that evidence is *necessarily* the basis for the trier of fact's finding of negligence. As noted, plaintiff offers no reason to conclude that her judgment against the insured was based on the lease, other than the fact the lease was an exhibit in her action against the insured *and* the lessor. *See* n 3, *supra.*

Plaintiff also argues:

"* * * Damages in tort may be recovered for a breach of a third party beneficiary contract, where tortious damage to the beneficiary is the natural and foreseeable result

---

[3] The record before us does not reveal the purpose for which the lease was introduced in plaintiff's action against the insured. *See* n 4, *infra.*

of the breach. *McLeod v. Pacific Telephone Co.*, 52 Or 22, 94 P 568, 95 P 1009 [,15 Lns 810, 18 Lns 954] (1908). * * * "

Plaintiff's reliance on *McLeod* is also misplaced. As we read that antiquated case, it deals with the issue of whether the defendant owed the plaintiff a duty of care in performing a service contracted for by a third party. We do not understand the case to say that, by pleading and proving negligence, a plaintiff can obtain a judgment based on an unpleaded contract theory. Moreover, unlike *McLeod*, it is clear in this case that the insured owed plaintiff a duty of care independent of any contractual obligation under the lease. *See Securities-Intermountain v. Sunset Fuel*, 289 Or 243, 611 P2d 1158 (1980). Plaintiff did not allege and has not demonstrated that the insured's liability to her arose from or was based on the lease in addition to or instead of the insured's negligence. She cannot now rely on the contractual liability exception to the policy's exclusion of coverage for injuries to employees.

Reversed.[4]

---

[4] The insurance policy, the lease and the trial court file in plaintiff's action against the insured were exhibits in the trial of the present action. However, appellant did not designate the exhibits as part of the record on appeal. The parties' briefs and oral arguments demonstrate that they agree about the material facts and the relevant contractual language. We therefore have sufficient information to decide the issue the parties raise. We do so with the understanding that our holding is based on the parties' representations as to the facts and the language of the instruments.