Argued and submitted November 6, 1989, reversed and remanded for further
proceedings February 14, reconsideration denied April 18, petition for review denied
May 22, 1990 (310 Or 70)

# MUTUAL OF ENUMCLAW INSURANCE COMPANY,
*Respondent,*

*v.*

# GASS et al,
*Appellants.*

## (CV87-727; CA A50168)

786 P2d 749

Gregory P. Lynch, Bend, argued the cause and filed the brief for appellants.

Brant M. Medonich, Pendleton, argued the cause for respondent. With him on the brief was Kottkamp & O'Rourke, Pendleton.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

### WARREN, J.

Mutual of Enumclaw Insurance Co. (Enumclaw) brought this declaratory judgment action to determine whether it had a duty to defend a claim or pay the resulting judgment against its insureds, Howard and Margaret Gass, under a Farmers' Comprehensive Personal Liability policy. The Gasses counterclaimed against Enumclaw for $10,000 in expenses incurred in defending the claim and $9,000 paid to satisfy the judgment. The trial court found that Enumclaw had no duty to defend or pay. We reverse.

The insurance policy provides that Enumclaw

"will pay on behalf of the insured, all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which the insurance applies, caused by a 'single occurrence' * * *."

The policy defines "an occurrence":

"An accident * * * which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured."

In 1986, the Gasses filed the underlying litigation against the Halladays. They alleged that the Halladays had erected a fence across a driveway on the Halladays' property after the Gasses and their predecessors had used the driveway for more than ten years in a manner that was continuous and uninterrupted, open, visible, notorious, hostile and under a claim of right. The Gasses alleged that, by their adverse use, they had established an easement over the driveway both by prescription and by implication, and they sought a declaration of their rights and injunctive relief. The Halladays counterclaimed against the Gasses, alleging that the Gasses had repeatedly trespassed on their land in an "intentional and unjustifiable disregard of defendants' interest in their real property" and sought damages of $50 for wear and tear on the driveway and punitive damages of $950. The Halladays also sought emotional damages of $2,500 for intentional interference with the quiet and peaceful enjoyment of their home.

The Gasses tendered the defense of the counterclaim to Enumclaw, which refused to defend. The Gasses lost their action against the Halladays, because the trial court found that they had not established an easement by prescription or

by implication. On the Halladays' counterclaim, the court found that the Gasses had trespassed but concluded that the evidence did not warrant punitive damages or damages for interference with quiet enjoyment. The court awarded the Halladays $50 for injury to the roadway and costs and attorney fees of $10,596.39. The parties negotiated a settlement of the judgment for $9,000, which the Gasses paid.

Enumclaw then brought this declaratory judgment action to determine whether it has any obligation to the Gasses either to pay the $9,000 judgment or to pay the Gasses' defense expenditures. The trial court found that Enumclaw had no duty to defend, because the Gasses had admitted to an excluded event, intentional trespass, in their complaint by alleging that their possession was "hostile." The court also found that the trial court in the easement case had entered judgment for intentional trespass, so Enumclaw had no duty to pay.

■ The first issue is whether Enumclaw was obligated to defend the Gasses on the Halladays' counterclaim. Enumclaw argues that the counterclaim did not allege "an occurrence" under the insurance policy, because the acts did not describe an "accident," but were alleged to be intentional.

■■ If a complaint that alleges an excluded event may, without amendment, admit proof of conduct that is covered by the policy, the insurer has the duty to defend. *Ferguson v. Birmingham Fire Ins.,* 254 Or 496, 507, 460 P2d 342 (1969). If a complaint alleges a willful trespass but could also support liability for a nonwillful trespass, then the insurer has the duty to defend. 254 Or at 507. In this case, the Halladays alleged repeated acts of intentional trespass, beginning in December, 1986. Enumclaw argues that the Gasses admitted in their complaint against the Halladays that they went on the land with a "hostile" intent to possess the Halladays' land as their own, so that the trespass was intentional.

Assuming, without deciding, that we may look at pleadings other than the claim against the insured to determine whether the insurer must defend, we hold that the Gasses' complaint against the Halladays did not include an admission of intentional trespass. That complaint alleged that the Gasses had *already* established a prescriptive easement

over the land by October 24, 1986. The Halladays' counterclaim alleges acts of trespass *beginning in December, 1986.* If the Gasses reasonably but mistakenly believed that they had a legal right to be on the land during the time that the Halladays allege that they were trespassing, then the Gasses' allegations would amount only to an assertion that they were using an easement that they had previously acquired.

Because we hold that the Gasses did not admit an intentional trespass, we must look solely to the Halladays' counterclaim to decide whether it precluded the possibility of their proving a covered event. The allegations allow for proof of a trespass based on the Gasses' mistaken belief that they had a right to be on the land. Enumclaw had a duty to defend that trespass claim under the policy's definition of "an occurrence."

Because the trial court found no duty to defend, it did not decide the amount of defense expenses that should be awarded. It was agreed at trial that the Gasses had expended more than $10,000 to defend the counterclaim. The question of the reasonableness and necessity of the expenditures was not resolved. Because we hold that a defense was required, we remand for a determination of what defense expenses were reasonably and necessarily incurred.

■■ The next question is whether Enumclaw has a duty to pay the judgment. The duty to pay is independent of the duty to defend[1] and depends on whether the evidence at trial shows that the judgment was entered on a covered claim. *See Heider v. Commercial Ins. Co.,* 248 Or 564, 566, 436 P2d 268 (1968). The trial court's memorandum opinion and judgment on the counterclaim give no support to the theory that the Gasses' trespass was other than under a mistake of law or fact and other than unintended or accidental. The evidence supports that view. Enumclaw's policy covers the judgment for trespass.

The judgment on remand will include the $9,000 for which the judgment was compromised and the Gasses' reasonable and necessary expenditures for defending the prior action.

---

[1] *See Maine Bonding v. Centennial Ins. Co.,* 298 Or 514, 519, 693 P2d 1296 (1985).

Reversed and remanded for further proceedings not inconsistent with this opinion.