Argued and submitted March 5, vacated in part; remanded with instructions
October 6, 1993, reconsideration denied January 19, petition for review
pending 1994

# STATE FARM FIRE
# AND CASUALTY COMPANY,
an Illinois corporation,
*Appellant,*

*v.*

# Nicholas W. PAGET,
*Defendant,*

*and*

# Jeffrey N. COLVIN,
*Respondent.*

# (9101-00114; CA A73879)
860 P2d 864

J. Philip Parks, Salem, argued the cause for appellant. With him on the briefs were Billy M. Sime and Parks, Bauer & Sime, Salem.

Alonzo P. Stiner, Portland, argued the cause for respondent. With him on the brief was Hampson, Bayless, Murphy & Stiner, Portland.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges:

De MUNIZ, J.

Rossman, P. J., dissenting.

## De MUNIZ, J.

On October 14, 1989, defendant Paget consumed LSD and two 40-ounce bottles of beer while attending a party. Later that evening, he had a fight with Colvin and assaulted him with a pocket knife, inflicting multiple serious stab wounds. Colvin sued Paget to recover money damages for his injuries, on the basis of negligence.

Paget is an insured under his parents' homeowner's policy, issued by plaintiff State Farm Fire and Casualty Company (State Farm). The policy excludes coverage for claims for bodily injury that were either expected or intended by the insured. Paget tendered defense of *Colvin v. Paget* to State Farm, which accepted that defense, but specifically reserved the right to deny coverage.

Before trial of *Colvin v. Paget*, State Farm filed this declaratory judgment action, seeking a determination that it did not have a duty to defend or indemnify Paget for Colvin's claim.[1] State Farm asserted, *inter alia*, that there was no coverage for Colvin's claim under the exclusion for claims for bodily injury that was intended by the insured.

*Colvin v. Paget* came to trial while this action was pending, and the jury returned a verdict for Colvin. After that judgment, Colvin filed an answer in this proceeding, alleging that Paget was intoxicated at the time of the assault and that, therefore, Paget's conduct was neither expected nor intended and was covered by the policy. Colvin also asserted that the judgment in *Colvin v. Paget*, which was based on allegations of negligence, prevents State Farm from denying coverage. The court denied Colvin's motion for directed verdict made on that ground, and the jury rendered a verdict for State Farm. The court then entered a judgment on the verdict. On Colvin's motion, the court set aside the judgment on the ground that the judgment in *Colvin v. Paget* estopped State Farm from denying coverage. It then entered judgment for Colvin.

Colvin's position is that, once State Farm has tendered a defense and the case has gone to judgment, State Farm's duty to provide a defense to Paget is irrelevant to its

---

[1] The action named both Colvin and Paget as defendants. Paget did not appear, and judgment was entered against him. He is not a party to this appeal.

duty to pay. He argues that "[i]n Oregon the insurance company has a duty to defend and pay any judgment that may be entered against their [*sic*] insured. This is by contract law." He continues:

> "If a claim is made which, whether because of uncontested facts or applicable law, is covered by the policy, the insurer is bound by contract to defend the claim and pay any resulting judgment. An insurer cannot later claim its contractual obligations should be negated because a conflict exists. A judgment against the insured which requires payment by the insurer is not a conflict. This is precisely the agreement reached between the parties and already relied upon by the insured in paying his premium." (Citation omitted.)

■ Colvin does not dispute that an insurer's duty to defend is determined by the allegations of the complaint filed against the insured. *Isenhart v. General Casualty Co.*, 233 Or 49, 377 P2d 26 (1962). Colvin's position is that he alleged only a negligence claim, and a negligence claim is within the coverage of the policy. Therefore, he argues that, even if State Farm had to defend, any dilemma that confronts it as to whether the claim was covered would be solved by its withdrawing from the defense of the case if it discovers that the claim is not covered.

In *Ferguson v. Birmingham Fire Ins.*, 254 Or 496, 509-10, 460 P2d 342 (1969), the Supreme Court resolved the insurer's dilemma differently:

> "It is generally held that the insurer, when tendered the defense of an action, cannot, as a condition of its assumption of the defense, reserve the right to later question coverage. The insured must expressly or impliedly agree to such a reservation of rights.
>
> "If the insurer assumes the defense in the face of the insured's refusal to accede to insurer's request for reservation of rights, it is said that the insurer 'waives' or is 'estopped' to assert the defense of non-coverage. And if the insurer, in order to avoid the loss of its right to question coverage, rejects the tender of the defense, it loses the benefits that accrue from being represented by its own counsel who ordinarily is experienced in the defense of such actions. And if it guesses wrong on the question of coverage, it will be required to pay the judgment and the costs of defense. Thus the insurer is forced to choose between two

alternatives either of which exposes it to a possible detriment or loss.

"What is the justification for imposing this dilemma upon the insurer? Where there is a conflict of interest between the insurer and insured and the judgment in the action against the insured can be relied upon as an estoppel by judgment in a subsequent action on the issue of coverage, the control of the action by the insurer could adversely affect the insured if the judgment was based upon conduct of the insured not falling within the coverage of the policy. Likewise, the insurer could be adversely affected by a judgment based upon conduct for which there is coverage. *But we see no reason for applying the rule of estoppel by judgment in such cases. The judgment should operate as an estoppel only where the interests of the insurer and insured in defending the original action are identical—not where there is a conflict of interests.*" (Footnotes omitted; emphasis supplied.)

Colvin argues that *Ferguson* does not control, because the facts of *Ferguson* are not analogous. There, the plaintiff's claim alleged trespass, which Colvin asserts is a claim of intentional conduct that implicitly includes a claim of negligent trespass. Thus, he argues, in *Ferguson*, the insurer was faced with a potential conflict of interest arising out of the dispute as to whether the claim was one for negligence or intentional conduct. The uncertainty as to the nature of the claim precluded application of the doctrine of collateral estoppel. Here, Colvin argues that the claim was only for negligence, so no conflict was presented. To accept Colvin's reading of *Ferguson* would bind an insurer according to a plaintiff's choice of theories. That is contrary to the principle that an insurer is not precluded from contesting coverage after providing a defense. *See Heider v. Commercial Insurance Co.*, 248 Or 564, 565, 436 P2d 268 (1968).

■ ■ In a separate proceeding to contest coverage, the underlying judgment *may* preclude the insurer from denying coverage. However, issue preclusion does not apply unless the disputed issue or fact was actually decided and necessary to the judgment in the prior action. *See Jones v. Flannigan*, 270 Or 121, 124, 526 P2d 543 (1974). The party asserting issue preclusion has the burden of proving that it applies. *State Farm Fire & Cas. v. Reuter*, 299 Or 155, 166 n 9, 700 P2d 236 (1985). Here, Colvin had to show that there was a final

judgment on the merits in the prior action, that the issue decided was identical to the one presented in this action and that State Farm was in privity with a party in the prior adjudication. 299 Or at 158.

Colvin argues that State Farm's interests were not in conflict with Paget's, because neither wanted a finding of negligent liability. He relies on *Restatement (Second) Judgments* § 58(1)(b) (1980):

> "The indemnitor is precluded from relitigating those issues determined in the action against the indemnitee as to which there was no conflict of interest between the indemnitor and the indemnitee."

However, *Restatement (Second) Judgments* § 58(2) provides:

> "A 'conflict of interest' for purposes of this Section exists when the injured person's claim against the indemnitee is such that it could be sustained on different grounds, one of which is within the indemnitor's obligation to indemnify and another of which is not."

■    Here, State Farm was not obligated to indemnify Paget if Paget's conduct was intentional. State Farm's interest thus conflicted with a finding that Paget was negligent. The question of whether Paget acted intentionally was not litigated in *Colvin v. Paget.* Colvin argues, nonetheless, that neither Paget nor State Farm would have been adversely affected by a finding of intent. We are persuaded by State Farm's arguments to the contrary.

State Farm argues that the attorney it retained to defend Paget owed a duty of undivided loyalty to Paget and that that loyalty prevented him from showing that Paget's actions were intentional. It argues that such a showing could have influenced the jury to award a higher compensatory damage award. Perhaps more importantly, if intent had been shown, Paget would have been bound by that finding. The attorney would have effectively removed any possibility that the verdict against Paget would have been covered by insurance.

Colvin argues, however, that he could not have made a claim based on intentional conduct, because there was no evidence that Paget acted intentionally, and, if he had made that claim, "it would have been stricken at the time of trial

due to the lack of evidence.'' The proceeding in this declaratory judgment action shows that Colvin is incorrect. After hearing evidence and arguments in support of both negligence and intentional conduct, the jury here concluded that the conduct was intentional.

Colvin's claim against Paget could have been sustained on either an assault and battery theory or on a negligence theory. Colvin elected to pursue only the latter, and State Farm was obligated to defend against that theory. However, that defense did not remove the conflict of interest, and that conflict prevents the application of issue preclusion.

Judgment notwithstanding verdict vacated; remanded with instructions to reinstate the original judgment in favor of plaintiff.

**ROSSMAN, P. J.,** dissenting.

I have no difficulty with the majority's conclusion that State Farm was entitled to a separate determination on the question of coverage. The fact that State Farm defended Paget in the negligence action did not bar it from asserting in a separate proceeding that Paget acted outside the conduct covered by the policy. The question of coverage under the policy is different from the question of Paget's liability to Colvin, which was determined in *Colvin v. Paget,* and State Farm is therefore not precluded from showing that the policy did not provide coverage for Paget's conduct. However, the majority is absolutely wrong in concluding that State Farm was entitled to try this case for the purpose of taking evidence concerning Paget's conduct.

The nature of Paget's conduct was necessarily and conclusively determined by a jury in *Colvin v. Paget,* and State Farm is precluded from relitigating that question. In this separate proceeding to determine coverage, the only relevant evidence concerns the basis for the judgment in *Colvin v. Paget. See Heider v. Commercial Ins. Co.,* 248 Or 564, 566, 436 P2d 268 (1968); *Jarvis et ux v. Indemnity Ins. Co.,* 227 Or 508, 363 P2d 740 (1961); *Mutual of Enumclaw Ins. Co. v. Gass,* 100 Or App 424, 786 P2d 749, *rev den* 310 Or 70 (1990). If the evidence in this proceeding shows that the judgment in *Colvin v. Paget* is based on facts that bring it within the coverage of the policy, then State Farm has a duty

to pay. If the evidence shows that the judgment in *Colvin v. Paget* is based on facts that exclude it from the coverage of the policy, then there is no duty to pay. Because I would conclude that the evidence shows conclusively that the judgment in *Colvin v. Paget* is based on covered conduct, I would uphold the trial court's judgment for Colvin notwithstanding the jury verdict for State Farm. State Farm is obligated to pay the judgment in *Colvin v. Paget,* because, according to the uncontroverted evidence in this proceeding, it is precisely the obligation that State Farm has agreed to pay under the terms of the policy.