[Western Union Telegraph Co. v. Adams.]

# Western Union Telegraph Co. v. Adams.

## *Action for Damages for Delay in Delivering Message.*

(Decided April 9, 1908.   46 South. 228.)

*Telegraphs and Telephones; Delay in Delivery; Actions on Contracts.*—The recipient of a telegram cannot maintain an action on the contract for a failure to promptly deliver a telegram, where the sender did not send the message as the agent of the recipient, since the necessity is upon the plaintiff in such a case to allege and prove a contract to which he is a party or privy.

APPEAL from Clay County Court.
Heard before Hon. W. J. PEARCE.

Action by J. Q. Adams against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

KNOX, DIXON & BURR, and WHATLEY & CORNELIUS, for appellant. There can be no recovery in this case without the allegation and proof that the sender of the message was the agent of the sendee in filing the message.—*Banker v. W. U. Tel. Co.*, 137 Ala. 294; *Powell r. Wade*, 109 Ala. 95. "Damages for mental suffering (which were given in this case) for negligence in the delivery of a telegraph message are never recoverable except where there is a right of recovery aside from such injuries."—*Western Union Tel. Co. v. Blocker*, 130 Ala. 484. Under the Alabama decisions, before damages can be recovered on account of mental suffering in telegraph cases, the action must necessarily be based upon a contract between the plaintiff and the telegraph company, and the plaintiff must have suffered some actual damage to his estate before he can recover damages for

42 R

his mental suffering.—*Western Union Tel. Co. v. Krichbaum*, 41 So. Rep. 16; *Blount v. Western Union Tel. Co.*, 126 Ala. 105; *Western Union Tel. Co. v. Waters*, 139 Ala. 652. "Where the sending of a dispatch is accidental in its nature and not the outgrowth or product of a legal obligation, or when it is a voluntary act of the party sending it, the sendee cannot recover damages resulting from the delay in sending or delivering it.—*Frazier v. Western Union Tel. Co.*, 84 Ala. 487. "The Company has the right to provide reasonable regulations as to hours during which its offices shall be open for the transmission and delivery of messages."—27 Am. & Eng. Enc. of Law, 2d Ed., p. 1037-2. "The sender of a message is bound by reasonable rules fixing office hours, without regard to his knowledge of it."—*Western Union Tel. Co. v. Ga. Cotton Co.*, 94 Ga. 444; *Western Union Tel. Co. v. Harding*, 103 Ind. 505; *Western Union Tel. Co. v. Neel*, 40 Am. St. Rep. 847.

ROWLAND & ALLEN, for appellee. No brief came to the Reporter.

ANDERSON, J.—This is an action ex contractu by the plaintiff, the sendee of a telegram, for a failure by the defendant to promptly deliver a message sent him by his brother, for the benefit and as agent of the plaintiff. "Whether the sendee has or has not the right to recover in tort for failure to deliver a telegram or for delay in its delivery, without avering or proving a contract to which he is a party or privy, it is clear upon principle, and the proposition is supported by the former decisions of this court, and by the decisions of courts of other jurisdictions, that, without such averment and proof, he cannot recover when his action is based upon contract, and seeks damages resulting from its breach."—*Postal Co. v. Ford*, 117 Ala. 672, 23 South.

684; *Western Union Co. v. Adair,* 115 Ala. 441, 22 South. 73 and cases there cited; *Shinglcur v. Western Union Co.,* 72 Miss. 1030, 18 South. 425, 30 L. R. A. 444, 48 Am. St. Rep. 604; *Western Union Co. v. Du Boise,* 128 Ill. 248, 21 N. E. 4, 15 Am. St. Rep. 109; Gray on Com. by Tel. §§ 74, 75. The evidence not only fails to show that the plaintiff was a party or privy to the contract, but there is an express negation by the sender, Max Adams, that he was acting as the agent of the plaintiff in sending the message.

There seems to be a small class of cases where the sendee can sue ex contractu; that is, where the sender employs the telegraph company to communicate a message solely to benefit the person to whom the message is directed. But if the sender sends the message for his own benefit, notwithstanding it may benefit the sendee also, there is no ground for the imputation that he intends to part with his right of action for a breach of the contract. Authorties supra. The sender in the case at bar admitted that he did not send the message as agent for the plaintiff, and that he sent it because he was his brother, and because he (the sender) wanted the plaintiff present at the bedside of their sick mother. The trial court erred in rendering judgment for the plaintiff, and the judgment is reversed; and, this case having been tried by the judge without a jury, we will, under the practice act for Clay county, render a judgment for the defendant.

Reversed and rendered.

TYSON, C. J., and DOWDELL and McCLELLAN. JJ., concur.