# Heathcoat *v.* Western Union Tel. Co.

*Action for Damages for Failure to Deliver Telegram.*

(Decided June 30, 1908.   Rehearing denied July 3, 1908.   47 South. 139.)

1. *Telegraphs and Telephones; Failure to Deliver; Action; Allegation; Burden of Proof.*—Where the plaintiff sendee alleges that the sender acted as agent and for the benefit of the sendee in the delivery of the telegram, to the transmitting company, such allegation is material and the burden is upon the plaintiff to adduce evidence in proof of the conjoint allegation of agency and benefit, and failing to adduce proof in support of both, no case is made out.

2. *Same; Evidence.*—Where the evidence does not disclose that the sender acted as the agent of the sendee, the message cannot be considered because agency is not proveable by evidence afforded alone by act of the agency itself.

3. *Principal and Agent; Acts of Agent; Ratification.*—Where no agency is shown the principal cannot be held to a ratification of the acts of the alleged agent.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Movie Heathcoat against the Western

Union Telegraph Company, for failure to deliver telegram. From a judgment for defendant plaintiff appeals. Affirmed.

For former report of this case, see 149 Ala. 623, 43 South. 17.

ALLEN & FORT, for appellant. The facts in this case either show an agency or a ratification by the principal of the acts constituting the agency.—*Tenn. R. C. Co. v. Kavanaugh Bros.*, 101 Ala. 11; *Chapman v. Lee*, 47 Ala. 155; *Kenan v. Holloway*, 16 Ala. 53; Storey on Agency, parag. 349-351; *Galbreath v. Cole*, 61 Ala. 142; *S. & N. A. R. R. Co. v. Henline*, 65 Ala. 610.

CAMPBELL & JOHNSON, for appellee. Under the allegations of the complaint, and which allegations were necessary, plaintiff was required to make proof both of agency and benefit. There is a total failure to meet this requirement.—*W. U. Tel. Co. v. Heathcoat*, 149 Ala. 623; *Adair's Case*, 115 Ala. 441.

McCLELLAN, J.—The action is for damages for breach of a contract to promptly transmit and deliver a telegraphic message. The message was sent by a father to a daughter, and recited that she should come at once if she would see her brother alive. The report of this case on former appeal may be found in 149 Ala. 623, 43 South. 117.

The complaint avers "that said C. B. Jones acted as agent and for the benefit of the plaintiff in delivering said message to defendant as aforesaid." To justify the refusal of the general affirmative charge for the defendant, it was incumbent on the plaintiff to offer evidence tending to support the conjoint averment of agency and benefit. This the plaintiff did not do, as appears affirma-

tively from this controlling extract from the testimony of Jones: "I had not been requested by my daughter to send any such telegram, and sent the telegram because I wanted her to know of the accident to her brother."—*Postal Tel. Cable Co. v. Ford,* 117 Ala. 672, 23 South. 684. The message itself, even if considered, which cannot be done, because of the general rule that agency is not provable by evidence alone afforded by the act of agency itself, does not tend to show that in sending the telegram Jones acted as the agent of the plaintiff. There being no agency shown, there could be no ratification.

The judgment is affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.