# Western Union Telegraph Company v. Brown.

## *Failure to Deliver Telegram.*

(Decided June 4, 1912.  59 South. 329.)

1. *Telegraphs and Telephones; Issue and Proof; Variance.*— Where the complaint alleged that the husband of the plaintiff sent her the telegram concerning the condition of their son, as her agent, which telegram was not delivered, proof that when the husband left home he promised the plaintiff he would telegraph her, that she had never reimbursed him for the charges, that he did not intend to collect the same from her, but telegraphed her merely because he deemed it his duty to do so, failed to support the allegation of agency, and constituted a fatal variance.

2. *Same; Right of Action.*—While only the parties to the contract for the transmission, or the sole beneficiary thereof may sue ex contractu for a negligent delay in delivering, or for failure to deliver a telegram, any one possessing a substantial benefit in the contract may sue ex delicto; a mere beneficiary cannot sue either ex contractu or ex delicto unless the telegraph company knew, or the message disclosed, that it was sent for his or her benefit.

[Western Union Telegraph Company v. Brown.]

3. *Same; Damages; Mental Anguish.*—Where she was not a party to the contract for transmission of the message, a mother is not entitled to recover against a telegraph company for mere mental anxiety and distress caused by a failure of the company to deliver to her a telegram announcing the condition of her son.

4. *Same; Wantonness; Liability.*—Where plaintiff was not a party to the contract for the transmission of a message, and suffered no other injury than mental anxiety and distress, she cannot recover for a wanton failure to deliver a message announcing the condition of her son.

APPEAL from Coosa Circuit Court.

Heard before Hon. S. L. BREWER.

Action by Ella Brown against the Western Union Telegraph Company for damages for failure to deliver a telegram. Judgment for plaintiff and defendant appeals. Reversed and remanded.

CAMPBELL & JOHNSTON, for appellant. No brief reached the Reporter.

RIDDLE, ELLIS, RIDDLE & PRUET, for appellee. No brief reached the Reporter.

DE GRAFFENRIED, J.—1. In England only parties to a contract can, in courts of law, maintain actions for their breach. Where a contract is made by one party with another party for the benefit—even the *sole* benefit —of a third party, such third party cannot, in a court of *law*, in England, maintain an action for its breach. It follows therefore that, in England, when a party delivers a telegram to a telegraph company addressed to another, the addressee, unless the sender was actually acting as his agent when he delivered the telegram to the company, although such telegram was delivered by the sender to the company for the benefit—even the *sole* benefit—of the addressee, cannot maintain an action against the telegraph company for a failure to deliver, or for negligence in the transmission or delivery of such

telegram.—*Frazier v. Western Union Tel. Co.,* 45 Or. 414, 78 Pac. 330, 67 L. R. A. 319, 2 Ann. Cas. 396.

In this country the rule is, in most of our states, opposite to the above English rule. A majority of our states hold that, when a telegram is sent by one party to another for the benefit of the addressee, such addressee may sue for a breach of 'the contract by the telegraph company, provided the addressee is to be substantially benefited by the telegram, although the sender may also have an interest therein, provided the telegraph company knows at the time it receives such telegram that it is for the benefit of the addressee, or the telegram, from its own words, discloses this to be the situation.—*Frazier v. Western Union Tel. Co., supra.* In a few of the states—and Alabama seems to belong to the latter class—in order for the beneficiary to be able to maintain such suit, it must appear that the telegram was sent solely for his benefit.—*McGehee v. Western Union Telegraph Co.,* 169 Ala. 109, 53 South. 205, Ann. Cas. 1912B, 512; *Western Union Telegraph Co. v. Adams,* 154 Ala. 657, 46 South. 228; *Postal Telegraph Co. v. Ford,* 117 Ala. 672, 23 South. 684.

In the present case, the first count of the complaint is an action ex contractu. The appellant alleges in her complaint that her husband, while at Bagdad, Fla., *as her agent,* sent her the telegram, using the following language: "And plaintiff avers that her said husband was acting for and in behalf of plaintiff and as her duly authorized agent in all said transactions with defendant in delivering said telegram and paying said 76 cents and making said contract with defendant * * * and as a proximate consequence said 76 cents is a total loss to this plaintiff." The appellee's evidence on the above subject, given by her husband, was as follows: "Yes, I said when I left for Bagdad that I told

my wife that I would send her a wire and advise her how the boy was. No, she has never paid me the 76 cents that I paid for the message. No, I never intend to collect that from her. I always bear the expenses of my own family. Yes, I thought it was my duty to wire her about the boy; it was my duty as a husband to do that. Yes, when she requested me to do it, I was just performing a family duty." There was therefore a fatal variance between the allegations in the complaint as to the contract for the breach of which the suit was brought and the contract proven by the appellee's evidence.—*McGehee v. Western Union Tel. Co.*, 169 Ala. 109, 53 South. 205, Ann. Cas. 1912B, 512; *Western Union Tel. Co. v. Adams*, 154 Ala. 657, 46 South. 228; *Heathcoat v. Western Union Tel. Co.*, 156 Ala. 339, 47 South. 139.

2. The second and third counts of the complaint are in tort.

The Supreme Court of Alabama has drawn a distinction between the parties who may sue ex contractu for the failure of a telegraph company to deliver, or for the negligence of the company in the transmission or delivery of a telegram, and those who may maintain a special action of trespass on the case for damages for such failure to deliver or for such negligence in the transmission or delivery of a telegram. In actions *ex contractu only* the *parties* to the contract or the *sole* beneficiary of the contract may sue. In actions *ex delicto,* not only the above parties may sue, but a party possessing a *substantial benefit* in the contract—not the *sole* beneficiary—may also sue.—*McGehee v. Western Union Tel. Co., supra.*

Of course, the above statement is qualified by the further statement—already made in section one of this opinion—that a *mere beneficiary* cannot sue either ex

contractu or ex delicto unless the telegraph company knows or the telegram shows that it is sent for the benefit of such beneficiary.

The above rules have been declared by the Supreme Court, and are, of course, binding on us. The reason for the distinction in actions ex contractu and ex delicto is given in the above cases of *McGehee v. Western Union Tel. Co.* and *Adams v. Western Union Tel. Co.*

It has been many times decided that, in a special action on the case against a telegraph company for a failure to deliver, or for negligence in the transmission or delivery of a telegram, the law will not permit a recovery for mental pain and anguish unless there is a right of recovery aside from such injuries.—*Western Union Telegraph Co. v. Blocker,* 138 Ala. 484, 35 South. 468; *Western Union Tel. Co. v. Jackson,* 163 Ala. 9, 50 South. 316. In the present case the appellee's only damages were due to the mental anxiety and distress which she suffered by reason of the failure of the appellant to deliver the telegram. It is therefore evident that she was not, under her evidence, under the law as declared by the Supreme Court of Alabama, entitled to recover under the second and third counts of the complaint. The third count of the complaint charges that the failure of the appellant to deliver the telegram was due to the wantonness of the appellant or its agents while acting within the scope of their employment, and it is plain that if appellee, under the evidence as applied to the first and second counts of her complaint, was not entitled to recover, she cannot recover upon the same evidence under the third count of the complaint.

3. The questions above discussed are subjects about which the decisions of courts of last resort in our various states are much in conflict.—*Western Union Tel. Co. v. Beringer,* 84 Tex. 38, 19 S. W. 336; *Western Un-*

*ion Tel. Co. v. Simpson,* 73 Tex. 422, 11 S. W. 385; *Loper v. Western Union Tel. Co.,* 70 Tex. 689, 8 S. W. 600; *Tel. Co. v. Adams,* 75 Tex. 531, 12 S. W. 857, 6 L. R. A. 844, 16 Am. St. Rep. 920; *McLeod v. Pacific States Telephone Co.,* 52 Or. 22, 94 Pac. 568, 95 Pac. 1009, 15 L. R. A. (N. S.) 810, 18 L. R. A. (N. S.) 954, 16 Ann. Cas. 1239; *Western Union Tel. Co. v. Wood,* 57 Fed. 471, 6 C. C. A. 432, 21 L. R. A. 706; *Young v. Western Un. Tel. Co.,* 107 N. C. 370, 11 S. E. 1044, 9 L. R. A. 669, and note, 22 Am. St. Rep. 883.

The views above announced by us are, however, in harmony with the rules laid down by our Supreme Court, and, in our opinion, express the laws of Alabama as they now exist on the subjects discussed.

Reversed and remanded.