387 So.2d 137 (1980)
Dona SLY
v.
SOUTH CENTRAL BELL TELEPHONE COMPANY.
79-257.
Supreme Court of Alabama.
July 25, 1980.
Rehearing Denied August 29, 1980.
*138 Myron K. Allenstein, Gadsden, for appellant.
Anita Leslie Miller and Atley A. Kitchings, Jr., Birmingham, and James D. Pruett and Robert D. McWhorter, Jr., Gadsden, for appellee.
MADDOX, Justice.
This appeal involves the extent of the duty owed by a telephone company to one who is not a subscriber.
The case arose from South Central's termination of telephone service to two of its customers, both business corporations, Security Bail Bonds, Inc., and The Better Business Bureau of Etowah-Calhoun County. The two corporations shared office space, and a receptionist answered both numbers. The plaintiff-appellant, Dona Sly, gave South Central Bell his oral guarantee to enable these two businesses to obtain phone service without posting the security deposit normally required by the telephone company. Sly had contacts with both businesses and used the two numbers as his own. In fact, the failure of a caller to reach him at the numbers is a basis for Sly's action.
South Central stated that service was terminated because one of the corporations, Security Bail Bonds, failed to post a requested security for payment of its separate WATS line and owed $2,000 for the use of the line at the time service was terminated. The $2,000 was not delinquent at the time of termination but was currently owing to South Central.
Sly asserts that as a result of the termination of telephone service, he lost a promised franchise in the World Basketball Association. He contends that the franchise was lost when the WBA was unable to contact him at the numbers which had been disconnected.
The issues presented for review are: (1) the extent of the duty owed by the telephone company to its customers, and others who would be using the telephone service; (2) if there is such a duty, to whom does the duty run; (3) whether the wilful termination of telephone service amounted to a *139 breach of the telephone company's duty; and (4) whether embarrassment and humiliation are actual damages in a wrongful termination of telephone service claim.
The duty of a telephone company has been defined as follows:
"It is the duty of telephone companies maintaining lines and exchanges for the purpose of affording patrons the means of telephone communications to exercise in that public service a character and degree of care and diligence and skill commensurate with their undertaking."
Vinson v. Southern Bell Telephone & Telegraph Co., 188 Ala. 292, 300, 66 So. 100, 102 (1914).
While this duty of service extends to the general public, it is clear that the correlative right of service extends only to those individuals who comply with the reasonable rules of the telephone company. Pike v. Southern Bell Telephone & Telegraph Co., 263 Ala. 59, 81 So. 254 (1955). The right of the telephone company to promulgate rules and regulations, and its further right to enforce sanctions for violations of those rules, has been recognized by the Supreme Court of the United States. It was stated:
". . . [T]he telephone company was entitled to adopt reasonable regulations respecting the conduct of its business and the terms upon which it would serve its patrons, and could enforce such regulations against any patron refusing or failing to comply therewith by suspending or discontinuing the service to him during the continuance of his refusal or failure without being chargeable with discrimination or incurring any liability under the statute."
Southwestern Telegraph & Telephone Co. v. Danaher, 238 U.S. 482, 488, 35 S.Ct. 886, 887, 59 L.Ed. 1419 (1915).
It is the law, therefore, that the telephone company does have a duty to those who comply with its rules and regulations. That rule does not resolve this case, however. The question then becomes: Does this duty run to a person who is merely a guarantor of the account for a customer of the company? It is well-established in Alabama that:
". . . [o]ne who seeks recovery in contract as a third-party beneficiary must establish that the contract was intended for his direct, as opposed to incidental, benefit. Anderson v. Howard Hall Co., 278 Ala. 491, 179 So.2d 71 (1965)."
Zeigler v. Blount Brothers Construction Co., 364 So.2d 1163, 1166 (Ala.1978).
Appellant Sly urges that a "reasonably foreseeable injured party" test should be applied to determine whether he, as guarantor, was one to whom the telephone company's duty ran. In support of this argument he cites Federal Mogul Corp. v. Universal Const. Co., 376 So.2d 716, 724 (Ala. Civ.App.1979), which says:
"Although plaintiff may be barred from recovering from defendant as a third party beneficiary to defendant's contract with another, plaintiff may nevertheless recover in negligence for defendant's breach of duty where defendant negligently performs his contract with knowledge that others are relying on proper performance and the resulting harm is reasonably foreseeable. Williams v. Jackson Co., supra. See also, Zeigler v. Blount Bros. Construction Co., Ala., 364 So.2d 1163 (1978)."
Earlier cases used the "substantial benefit" test for recoveries which were ex delicto as opposed to ex contractu. McGhee v. Western Union Telegraph Co., 169 Ala. 109, 53 So. 205 (1910); Western Union Telegraph Co. v. Brown, 6 Ala.App. 339, 59 So. 329 (1912). A more recent case, Zeigler v. Blount Brothers Const. Co., 364 So.2d 1163 (Ala.1978), held that recoveries for negligence under the provisions of a contract must be reasonably foreseeable and must not be too remote. The issue then is whether the consequences were reasonably foreseeable.
In this case the contract was between South Central Bell and the two companies, Security Bail Bonds and The Better Business Bureau. In order for the duty under the contract to run to Sly, it must be shown that it was foreseeable that harm to *140 Sly would result if care was not exercised. A statement of the foreseeability test is set out in Havard v. Palmer & Baker Engineers, Inc., 293 Ala. 301, 302 So.2d 228 (1974). Ordinarily, it is a jury question whether consequences of an act are reasonably foreseeable, but, in a proper case, it is a legal question. Here, the record indicates that Sly never signed any form of written memorandum confirming his guarantyship, but there is evidence in the record that Sly attempted to orally guarantee the accounts and that he, in fact, paid one telephone bill for one of the companies; therefore, there is evidence from which the jury could infer that South Central knew that Sly was a guarantor, but, even so, there is not a scintilla of evidence that the telephone company knew that Sly was using the numbers as his own or that he might be injured by the termination of the service. There is no evidence which indicates that Sly gave notice to South Central that he would be using the numbers as his own. The mere fact that Sly was a stockholder or founder of the two companies, even if known by the telephone company, is not sufficient to have put it on notice of Sly's intended use of the telephones for personal business; therefore, even under the "reasonably foreseeable injured party" test Sly would have us adopt, he is not entitled to a new trial.
If the substantial benefit test were used, it is clear that Sly was not to be directly benefited by the contract between the companies and South Central. He was, at best, a mere third-party beneficiary and under the language of Zeigler v. Blount Brothers, he must show that he was more than a mere incidental beneficiary. Sly did not show this, and therefore, is not entitled to a new trial.
In view of our holding that the telephone company was under no obligation to furnish telephone service to Sly under its contract with the two businesses, we need not discuss whether the termination, as to Sly, was rightful or wrongful. We note, however, that a utility may "coerce" compliance with its rules by discontinuance of service. In Water Supply Board of City of Arab v. Williams, 53 Ala.App. 560, 563, 302 So.2d 534, 536 (1974), the Court of Civil Appeals held:
"The appellate courts of Alabama have long recognized the right of a water company to discontinue its service in order to coerce out of unwilling or laggard debtors the payment of its just demands. See Sims v. Ala. Water Co., 205 Ala. 378, 87 So. 688; Birmingham Waterworks Co. v. Davis, 16 Ala.App. 333, 77 So. 927."
The judgment of the trial court in directing a verdict in favor of the defendant, South Central, is due to be affirmed.
AFFIRMED.
TORBERT, C. J., and SHORES and BEATTY, JJ., concur.
JONES, J., concurs specially.
JONES, Justice (concurring specially).
This is a close case because ordinarily the "reasonably foreseeable" test is one for the jury. But I agree that these particular facts reduce the issue to a purely legal one which has been correctly decided by the trial court.
I am persuaded that, as a matter of law, Sly's injury, if any, was, at best, a "remote result" and not "a matter reasonably foreseeable" by South Central Bell. Zeigler v. Blount Brothers Construction Co., 364 So.2d 1163 (Ala.1978).