# Jackson Lumber Company *v.* Western Union Telegraph Company.

### *Damage for Erroneous Transmission of Message.*

(Decided April 15, 1913. Rehearing denied May 8, 1913.
62 South. 266.)

1. *Assignment; Right of Action; Erroneous Message.*—Where, through an error in a telegram ordering machinery the wrong kind was caused to be delivered, which was practically worthless at the point of delivery, the buyer may take an assignment of the seller's right and enforce them against the telegraph company, if he pays for the machinery, and the transaction is bona fide.

2. *Same; Effect.*—Where, by error of a telegraph company, in the transmission of a mesage ordering a shipment of machinery, the wrong kind of machinery was caused to be delivered, and the buyer accepted and paid for the machinery and subsequently the seller assigned to the buyer its right of action, such proceedings did not discharge the telegraph company, it not appearing that either the

[Jackson Lumber Company v. Western Union Telegraph Company.]

buyer or the seller intended to relieve the company from liability, or that the method adopted in any way increased the liability of the telegraph company.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by the Jackson Lumber Company against the Western Union Telegraph Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The following charge was given for defendant:. "If the jury believe the evidence in this case, the plaintiff cannot recover any greater sum than 60 cents, with interest thereon, the amount paid for such message."

W. O. MULKEY, for appellant. Where a person selected a telegraph company as a means of communication, such person is responsible to the sendee for mistakes made in the original message. The company is his agent, and he is bound by it in the terms in which it is delivered.—9 Cyc. 294; *W. U. T. Co. v. Shotter*, 71 Ga. 760; *Ayer v. W. U. T. Co.*, 1 Am. St. Rep. 353; 29 Vt. 137; 40 Wis. 431; 59 Ill. 58; 31 Minn. 481; 48 N. H. 488; 78 Am. Dec. 338. This being true, the buyer was bound to accept and pay for the machinery, and if the transaction was bona fide, the assignment vested in it a right of action against the telegraph company for the erroneous transmission of the message.

GEORGE H. FEARONS, and RUSHTON, WILLIAMS & CRENSHAW, for appellee. The telegraph company is not the agent of the sender in such sort that he is bound by the terms of the telegram as delivered to the addressee, and appellant was under no obligation to pay the Fairbanks Company for the pulleys.—*W. U. T. Co. v. Anniston Cordage Co.*, 59 South. 757; *Pepper v. W. U. T. Co.*, 10 Am. St. Rep. 699; *Singleur v. W. U. T. Co.*, 48

[Jackson Lumber Company v. Western Union Telegraph Company.]

Am. St R.ep. 605; *Harrison v. W. U. T. Co.,* 10 A. & E. Corp. Cases, 606; *Pegram v Teleg. Co.,* 6 Am. St. Rep. 557; *Strong v. W. U. T. Co.,* 18 Idaho 339. Counsel discuss the cases cited by appellant and insist that they contain the ancient doctrine which has been overturned by the modern doctrine. The appellant could not by accepting the pulleys after knowledge of the mistake create a right of action on its part against the telegraph company.—*W. U. T. Co. v. Anniston C. Co., supra.* Appellee is not liable to appellant by reason of the assignment from the Fairbanks Company.—*Jones v. Watkins,* 1 Stew. 81; *Rutherford v. McIvor,* 21 Ala. 750; *Gwin v. Hamilton,* 29 Ala. 233; *Cahaba v. Burnett,* 34 Ala. 400; *Merrill v. Brantley,* 123 Ala. 537. The assignee of a chose in action acquires no greater right than the assignor had at the time of the assignment.—*Gayle v. Benson,* 3 Ala. 234; *Harrison v. Marshall,* 6 Port. 65; *Citizens Bank v. Haas,* 157 Ala. 609; Page on Contracts, sec. 1269. The claim of the Fiarbanks Co. had been paid and its debt extinguished prior to the assignment, and at the time of the assignment it had no claim to convey.—*Harrison v. Hicks,* 1 Port. 423; *Webster v. Wyser,* 1 Stew .184; *Tradesman Bank v. Sheffield Co.,* 137 Ala. 547; *Crumleish v. Central Imp. Co.,* 23 L. R. A. 120.

WALKER, P. J.—On January 24, 1910, the appellee received from the appellant at Lockhart, Ala., for transmission by telegraph a message addressed to the Fairbanks Company, New Orleans, La., containing an order for the shipment to the appellant of three "eight by eighteen steel split pulleys." In transmitting the message the appellee made the mistake of substituting the word "eighty" for the word "eight," so that the message ~s delivered read three "eighty by eighteen" pulleys, in-

stead of three "eight by eighteen" pulleys. The Fair-
banks Company did not have in stock pulleys of the size
mentioned in the telegram as delivered to it, that being
an unusual size, and immediately upon receipt of the
telegram ordered the pulleys mentioned in it to be
shipped to the appellant from Oneida, N. Y. Pulleys
of the size "eighty by eighteen" were accordingly
shipped to the appellant. The mistake was not discov-
ered until after the arrival of the pulleys at Lockhart.
Appellant paid the freight upon the pulleys, and re-
ceived and retained them, though such pulleys could
not be used by it, which fact was known to the appel-
lee's agent at Lockhart when the original message was
accepted for transmission, and had no value in the mar-
ket in Lockhart and its vicinity, except that they were
worth $10 as scrap iron. As stated in the agreed state-
ment of facts, "the plaintiff on discovering the mistake
on February 24, 1910, telegraphed the Fairbanks Com-
pany on several occasions relative to the same, and un-
dertook to get the Fairbanks Company to relieve the
plaintiff of said pulleys, but this it declined to do, and
rendered bill for the same, which plaintiff paid on, to
wit, the 1st of July, 1910. The total cost of the same,
without reference to the message, being $340.26 * * *
Fairbanks Company paid the concern in Oneida, N. Y.,
which shipped the pulleys on its order." Afterwards,
and before the commencement of this suit, the Fair-
banks Company formally assigned to the appellant
"any and all right of action or cause of action which the
said Fairbanks Company has, or did have, against
Western Union Telegraph Company for and on account
of any and all damages which it sustained or which
arose by reason of the mistake made by the said West-
ern Union Telegraph Company in the transmission of
said message."

The result of the mistake made by the telegraph company in transmitting the message delivered to it was that the addressee, the Fairbanks Company, purchased from a third party and had delivered at Lockhart machinery which the appellant had not ordered and for which it had no use and which at that place was worth greatly less than its cost. It is not to be doubted that the mistake made by the telegraph company rendered it liable to some one for the resulting loss. It may be assumed that, because of the appellant's right to refuse to accept a thing different from what it had ordered, it could have avoided paying the price of the pulleys which the Fairbanks Company purchased and had shipped, and that, if all parties to the transaction had stood on their legal rights, only the Fairbanks Company could have enforced against the appellee its liability for the loss sustained on the machinery shipped. —*Western Union Telegraph Co. v. Anniston Cordage Co.*, 6 Ala. App. 351, 59 South. 757; *Strong v. Western Union Telegraph Co.*, 18 Idaho, 389, 109 Pac. 910, 30 L. R. A. (N. S.) 409, Ann. Cas. 1912A, 55, 68, and note. Still, if there was nothing in the dealings had between the appellant and the Fairbanks Company having the effect of discharging or satisfying the latter's claim against the appellee, and if that claim was duly assigned to the appellant, it may be enforced by the appellant as the assignee.

Those dealings were had with full knowledge by both parties to them of the loss to one or the other of them which had been entailed by the mistake made by the telegraph company. We discover nothing in that occurrence to indicate or suggest the existence of an intention on the part of either of these parties to discharge the liability which a third party had incurred to one of them in reference to the subject of their dealings.

[Jackson Lumber Company v. Western Union Telegraph Company.]

The situation they dealt with was that of a dealer who, in reliance on what it supposed was an order from a custcmer, had, as a result of a mistake made by the telegraph company in transmitting the customer's order, incurred liability for a thing which the customer had not ordered and which at the place to which it had been shipped was of little value to any one. Whether or not the intended customer, in complying with the dealer's demand for the price of the thing actually furnished, and thus enabling the latter to relieve itself of the liability it had incurred therefor, supposed that it was legally bound to do so, the conduct of the one in making the demand and that of the other in complying with it did not evidence a willingness on the part of either of them to relieve the telegraph company of responsibility for the loss occasioned by its mistake. On the contrary, in view of the fact that it was obvious to both the parties to that transaction that the occasion of any controversy between them was the fact that a loss to either one cr the other of them had been caused by the fault of the telegraph company, it might fairly be inferred that it was the implied understanding between them that a result of either making the outlay required to cover that loss would be to entitle that one to enforce whatever liability on account of it had been incurred by the telegraph company. We are aware of no valid reason for affirming that, without regard to what may have been the intention of the parties to such a transaction, a necessary result of a customer in such a way extricating his dealer from a dilemma in which the latter would not have been placed but for the act of the customer, though the damnifying consequences were attributable to the fault of a third party, is to discharge such third party from the liability it had incurred to the dealer. We find nothing in the circumstances of the dealings

between the appellant and the Fairbanks Company to forbid the conclusion that by the latter's formal trans- fer of its claim against the telegraph company the transaction was given the effect originally intended by both the parties to it. The telegraph company has noth- ing to complain of because of such a disposition of an existing demand against it. Its liability was in no way enlarged. So far as it was concerned, it was permissi- ble on the facts disclosed by the agreed statement to find that the effect of the transaction between the send- er and the recipient of the miscarried message was to vest in the former the claims of both of them against the party guilty of the miscarriage. The conclusion fol- lows that the court was in error in giving the written charge requested by the defendant.

Reversed and remanded.