# Western Union Telegraph Co. *v.* Jackson Lumber Co.

## *Damages for Wrongful Transmission of Message.*

(Decided May 14, 1914.   Rehearing denied June 24, 1914. 65 South. 962.)

1. *Telegraphs and Telephones; Erroneous Transmission; Damages; Mitigation.*—Where the sender of a telegram ordering machinery shipped to it, discovered that the company had failed to correctly transmit and deliver it, it was the duty of the sender to minimize the damages in so far as it could under all the circumstances.

[Western Union Telegraph Co. v. Jackson Lumber Co.]

2. *Same; Parties Entitled to Damages.*—Where a telegram was sent ordering a machine to be sent to the sender, and was erroneously transmitted in such a way that the dimensions of the machinery sent were materially changed so as to render it of no value to the sender, the telegraph company was liable to the sender for the damages sustained by reason of its breach of contract to correctly transmit the telegram, and liable to the addressee in tort for damages.

3. *Same; Measure of Damages.*—While the sender of a telegram which was incorrectly transmitted would be entitled to damages including the cost of the message, yet where the sender refuses to accept the machinery sent, it would not include the difference between the contract price of the machinery and its value when received.

4. *Same; Tort; Damages.*—In an action by the addressee of the message in tort growing out of a wrongful transmission so that the machinery ordered was rejected when received, the measure of damages would be the difference between what the addressee had paid the makers of machinery and what it was worth on delivery to the sender of the message.

5. *Same; Nature and Form.*—Where a telegraph company received a message ordering machinery for a certain purpose, and erroneously transmitted the message so that the machinery delivered was of a different dimension and of no value to the sender, but the sender waiving its right to reject it, paid the addressee for the machinery, who assigned to the sender its right of action against the telegraph company in tort for damages, the sender having united in itself all the damages growing out of defendant's breach of contract, he might recover in an action ex contractu all the damages sustained by itself as well as the addressee.

6. *Same; Assignment of Right of Action; Effect.*—Under the circumstances in this case, and in view of the fact that the addressee assigned to the sender all its rights under the erroneous message, the company cannot say that the sender might have refused to accept the machinery, and thus allow the loss to fall on the addressee, for the purpose of defeating the recovery by the sender on the assigned cause of action.

7. *Damages; Mitigation; Burden of Proof.*—Where one is injured and in his efforts to extricate himself from loss, his conduct does not appear to have been improvident or in bad faith, the burden is upon the one causing the wrong or loss to show that the loss might have been mitigated by a different course of conduct which a reasonably prudent man ought to have taken.

8. *Sales; Remedy of Buyer.*—Where a seller delivers goods which were not what the buyer ordered, the buyer is entitled to reject them on ascertaining such fact.

9. *Same; Action for Breach.*—A buyer of machinery ordered for a certain purpose may accept it and may maintain an action for the breach of warranty on the seller's warranty of fitness for such purpose.

10. *Same; Warranty; Fitness.*—Where machinery is ordered for a particular purpose, the seller filling the order warrants it to be reasonably fit for such purpose.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by the Jackson Lumber Company against the Western Union Telegraph Company for damages for the erroneous transmission of a message ordering certain machinery. Judgment for plaintiff and defendant appeals. Affirmed.

See, also, same case in 7 Ala. App. 644, 62 South. 266.

GEORGE H. FEARONS and RUSHTON, WILLIAMS & CRENSHAW, for appellant. There is nothing in the telegram informing the Fairbanks Company for what purpose the pulleys were ordered, and the only warranty implied was that the articles ordered were of sound material, and free from latent defects.—35 Cyc. 401-3. A telegraph company could not reasonably anticipate that in the event of error in transmission plaintiff would, in order to protect its business credit, or for other satisfactory reasons to itself, pay for articles it had not ordered and did not want and hold the company liable for the full amount of the payment so voluntarily made.— *W. U. v. Reed*, 3 Ala. App. 256; 30 L. R. A. 444; *W. U. T. Co. v. Anniston C. Co.*, 6 Ala. App. 361. The principles applicable in those cases are equally applicable in the case at bar.

W. O. MULKEY, for appellant. No brief reached the Reporter.

DE GRAFFENRIED, J.—The damages which, necessarily, resulted to the sender and the sendee of the telegram, were the cost of the telegram and the actual sum of the separate losses which were sustained by the sender and sendee of the telegram, because of the error which was committed by the telegraph company in

transmitting the telegram. This was the exact amount which the plaintiff claimed in its complaint, and seems to have been the exact amount which the plaintiff recovered of the defendant in this suit. The damages which resulted separately to the sender and sendee of the telegram were, of course, determined by the value of the machinery at Lockhart on the day it was received at that point. The extent of the liability of the telegraph company to the sender and the sendee was also determined by the value of the machinery at Lockhart on the day it was received at that point. If the sender of the telegram had rejected the machinery on the day it was received at Lockhart, the telegraph company, it is admitted, would have been liable to the sender of the message for the cost of the message. It would, also, have been liable to the sendee of the message for the difference between the amount which the sendee had agreed to pay for the machinery, and the value of the machinery at Lockhart on the day it was received there.—*Western Union Telegraph Co. v. Anniston Cordage Co.,* 6 Ala. App. 361, 59 South. 757; *Western Union Telegraph Co. v. Brown,* 6 Ala. App. 339, 59 South. 329.

1. It was, of course, the duty of the plaintiff, when it discovered that the defendant failed to correctly transmit and deliver the message, in so far as it could, under all the circumstances surrounding it, reasonably do so, to so conduct itself as not to swell, but to minimize, the defendant's losses.—*Dickerson v. Finley,* 158 Ala. 149, 48 South. 548. In the application of this rule the courts hold, however, that: "Where the conduct of the party injured, in his efforts to extricate himself from loss, does not appear to have been improvident, nor in bad faith, and the loss is shown from such conduct, the burden of proof is upon the author of the wrong to show that the loss might have been mitigated by a different

course of conduct, which a reasonably prudent man ought to have taken."—*Pepper v. Western Union Telegraph Co.,* 87 Tenn. 554, 11 S. W. 783, 4 L. R. A. 660, 10 Am. St. Rep. 669; *Western Union Telegraph Co. v. Anniston Cordage Co., supra.*

2. The facts in the instant case, in short, are that the plaintiff sent a telegram to the Fairbanks Company, at New Orleans, ordering some machinery to be shipped to it at Lockhart, Ala. The telegraph company, in transmitting the message, made an error, and though that error the dimensions of the machinery were materially changed. The Fairbanks Company did not have in stock the machinery called for in the telegram as it was delivered to it in New Orleans, and immediately ordered the machinery mentioned in the telegram to be shipped to the plaintiff from Oneida, N. Y. When the machinery reached Lockhart, it was discovered that it was not the machinery which the plaintiff had ordered, and that this was due to the error which had been committed in transmitting the telegram from Lockhart to New Orleans. Of course, it was not known that the error in transmitting the telegram had been committed, until the machinery reached Lockhart. The machinery was of unusual size and was practically worthless at Lockhart. The makers of the machinery in Oneida, N. Y., had shipped the machinery which the Fairbanks Company had ordered them to ship, and therefore the Fairbanks Company was plainly liable to the makers of the machinery in Oneida, N. Y., for the purchase price of the machinery. The machinery was not what the plaintiff ordered, and when it reached Lockhart the plaintiff might have rejected it.—*Western Union Telegraph Co. v. Anniston Cordage Co., supra.* The machinery was, as already stated, practically of no value at Lockhart, and if the plaintiff had rejected the ma-

chinery there would, in all human probability, have been two suits growing out of this matter against the telegraph company. One of those suits would have been brought by the plaintiff against the defendant for the damages which it had sustained by reason of the breach of the contract of the telegraph company to correctly transmit the telegram to New Orleans. In that suit, because of the refusal by the plaintiff to accept the machinery, the plaintiff could not have recovered the difference between the contract price of the machinery and its value at Lockhart. The other suit would have been brought by the Fairbanks Company against the telegraph company, and this suit would have been in tort, and in this suit the Fairbanks Company would have recovered from the defendant the difference between what it had paid the makers of the machinery in Oneida, N. Y., for the machinery, and what the machinery was worth at Lockhart.—*Western Union Telegraph Co. v. Anniston Cordage Co., supra.*

3. The plaintiff, however, did not see proper to pursue the course above indicated. It accepted the machinery, paid its purchase price to the Fairbanks Company, took (for its protection against any technical misapprehension or mistake as to its legal right) a transfer from the Fairbanks Company of all its claims against the telegraph company, growing out of this matter, and then brought this suit for its damages growing out of the breach of the contract.

It is claimed by the telegraph company that, in this action in which the plaintiff sues for damages for a breach of the contract, the plaintiff is not entitled to recover the difference between the sum which it paid the Fairbanks Company for the machinery, and the value of the machinery at Lockhart. The theory of the telegraph company is that as the Fairbanks Company only had an

action in tort—a special action on the case—for the recovery of this element of damages, therefore, the plaintiff cannot recover that same element as an element of damages in its action for a breach of the contract.

We do not think that this argument is tenable. The plaintiff ordered the machinery for a particular purpose. The telegram showed this fact on its face, and the telegraph company was apprised of it when it received the telegram for transmission. When the machinery was shipped to the plaintiff, there was therefore—except for the error in the telegram—a warranty on the part of the Fairbanks Company that it was reasonably fit for the purpose for which it was ordered. But for the error in the telegram the plaintiff would have had a right—whether the machinery was or was not suitable for the purpose for which it was ordered—to accept the machinery, and, if unsuitable, to maintain an action on the warranty in the contract of sale.—5 Mayf. Dig. p. 856, subd. 31. The payment by the plaintiff to the Fairbanks Company of the purchase price of the machinery did the telegraph company no harm. The damages for which the telegraph company had rendered itself liable by reason of the error which was committed in transmitting the telegram was not thereby changed. The plaintiff did that for which the telegraph company (the wrongdoer) had no right to complain, viz, it paid the Fairbanks Company the money which, in good faith, it had paid out on what it had the right to assume was—and but for the error of the telegraph company would have been—a true and correct order of the plaintiff. The only reason why the Fairbanks Company had no right—if the plaintiff had refused to accept the machinery—to maintain an action ex contractu against the defendant was that it was not a party to the contract and was not the sole beneficiary of the contract.—*Western*

*Union Telegraph Co. v. Anniston Cordage Co., supra.* It, however, had a beneficial interest in the contract— an equity, so to speak, in its proper performance—and on account of that equity could have maintained if the plaintiff had refused to accept the machinery, a special action on the case, against the telegraph company, for its damages. The plaintiff, however, because it was a party to the contract, had a right to sue for a breach of the contract, and, having paid the Fairbanks Company the sum which it had agreed to pay it for the machinery, having united in itself all damages which grew out of the breach by the defendant of its contract with it, we can see no reason, in law or in morals, why it cannot, in this action, in form ex contractu, be permitted to re-cover all the damages which naturally and proximately resulted to it from the breach of the contract.

Upon what reasoning the defendant can support the theory that the plaintiff owed it the duty to refuse to ac-cept the machinery when it discovered the error in the telegram, we are not able to discover. The plaintiff did not get for its money what it wanted, simply because the defendant breached its contract to correctly trans-mit the message; and, as the thing it received was of but little value, the difference between what the plaintiff paid for the thing it actually ordered, and the value of the thing it actually received, is plainly an element of plaintiff's damages naturally and proximately flowing from the breach of the contract. It does not lie in the mouth of the defendant, who breached the contract, to say that the plaintiff might have refused to accept the machinery and thus allow the loss to fall on the inno-cent sendee of the message.—*Cordage Co., supra; Jack-son Lumber Co. v. Western Union Telegraph Co.,* 7 Ala. App. 644, 62 South. 266.

The rulings of the trial court were in accordance with the above views. The judgment of the trial court is therefore affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.